IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAYLA QUARLES, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>PRET A MANGER (USA) LIMITED,<br><br>Defendant. | Case No. 20-cv-7179 |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Pret A Manger (USA) Limited ("Pret USA"), by and through counsel, hereby removes the matter captioned *Kayla Quarles v. Pret A Manger (USA) Limited*, Case No. 2020CH06595, filed in the Circuit Court of Cook County, Illinois on November 4, 2020 (hereinafter referred to as "the State Court Action") to the United States District Court for the Northern District of Illinois. The grounds for removal are set forth below.

### COMPLIANCE WITH STATUTORY REQUIREMENTS

1. On or about November 4, 2020, Plaintiff Kayla Quarles filed her Class Action Complaint ("the Complaint") alleging violations of Illinois' Biometric Information Privacy Act ("BIPA") in the First Municipal District of the Circuit Court of Cook County, Illinois. Plaintiff brought two counts against Pret USA: Count I asserted a violation of BIPA section 15(a), for an alleged "failure to institute, maintain, and adhere to [a] publicly available [data-]retention schedule"; and Count II asserted a violation of BIPA section 15(b), for an alleged "failure to obtain informed written consent and release before obtaining biometric identifiers or information." *See* Ex. A. Both counts were asserted on behalf of Plaintiff and putative class members.

2.	On November 6, 2020, Pret USA was served with the Summons and Complaint filed in the State Court Action. Pret USA's removal of this action is timely because Pret USA is removing this matter within 30 days of service of the Summons and Complaint. *See* 28 U.S.C. § 1446(b).

3.	In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint served on Pret USA on November 6, 2020 is attached hereto as Exhibit A. *See* Ex. A. Pret USA has not been served with, nor has it served, any other process, pleadings, or orders in the State Court Action.

4.	This Notice of Removal is properly filed in this district and division because the First Municipal District of the Circuit Court of Cook County, Illinois is located within the Eastern Division of the Northern District of Illinois. *See* 28 U.S.C. §§ 1441(a), 1446(a).

5.	In accordance with 28 U.S.C. § 1446(d), Pret USA will promptly provide written notice of removal of the State Court Action to Plaintiff, and will promptly file a copy of this Notice of Removal with the Clerk of Court for the Circuit Court of Cook County, Illinois.

## **JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d)**
## **(CLASS ACTION FAIRNESS ACT)**

6.	This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). CAFA vests districts courts with original jurisdiction over putative class actions in which there is minimal diversity between the parties, and the amount in controversy, aggregated across putative class members' claims, exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(2), (6); *see also id.* § 1441(a) (providing for removal of civil actions for which district courts have original jurisdiction). CAFA also requires that the action involve 100 or more putative class members. *Id.* § 1332(d)(5)(B).

7. Plaintiff brings her claims "pursuant to 735 ILCS 5/2-801 on behalf of a class of similarly situated individuals." Ex. A, ¶ 39; *see also* 735 ILCS 5/2-801 (setting forth prerequisites for maintenance of a class action under Illinois law). Accordingly, this action constitutes a "class action," as defined by CAFA. *See* 28 U.S.C. § 1332(d)(1)(B). Plaintiff alleges "the number of persons within the Class is substantial, believed to amount to hundreds of persons," Ex. A, ¶ 40, meeting the requirement that the action involve 100 or more putative class members, *id.* § 1332(d)(5)(B).

8. In the Complaint, Plaintiff alleges that she "has been[,] at all relevant times, a resident and citizen of Illinois." Ex. A, ¶ 17.

9. Defendant Pret USA is a UK private limited company. Ex. B, ¶ 3. As such, for diversity purposes, it is most comparable to a U.S. corporation. *See, e.g.*, *Wexler v. Allegion (UK) Limited*, No. 16 Civ. 2252 (ER), 2016 WL 6662267, at *3 (S.D.N.Y. Nov. 9, 2016) ("Allegion UK is a UK private limited company. Accordingly, it is treated as a corporation for the purposes of diversity subject matter jurisdiction . . . ."); *SHLD, LLC v. Hall*, No. 15 Civ. 6225 (LLS), 2015 WL 5772261, at *2 (S.D.N.Y. Sept. 29, 2015) ("UK private limited companies are treated as corporations for the purposes of diversity subject-matter jurisdiction."). A corporation is deemed a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Pret USA's principal place of business is in New York. Ex. B, ¶ 3. Thus, Pret USA is a citizen of both the UK and New York.

10. Because Plaintiff is a citizen of Illinois, and Pret USA is a citizen of the UK and New York, CAFA's minimal-diversity requirement is satisfied. *See id.* § 1332(d)(2)(A)

(recognizing minimal diversity where "any member of a class of plaintiffs is a citizen of a State different from any defendant").

11. For the amount in controversy, "[a] removing party . . . only must establish the amount in controversy by a good faith estimate that is 'plausible and adequately supported by the evidence.'" *Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) ("The party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is *in controversy* between the parties.").

12. In her Complaint, Plaintiff does not allege a total dollar amount in damages. However, Plaintiff brings her claims under BIPA, which provides for $5,000 "for each violation" committed "intentionally or recklessly," or $1,000 "for each violation" committed "negligently." 740 ILCS 14/20(1)–(2). While Pret USA denies liability for any such alleged violations, or the appropriateness of any such damages, Plaintiff's Complaint seeks "statutory damages of $5,000.00 for each intentional and/or reckless violation of BIPA," or, in the alternative, "$1,000.00 for each negligent violation." Ex. A, ¶¶ 52, 62.

13. Plaintiff defines the proposed class as "[a]ll individuals who, while residing in the State of Illinois, had their fingerprints collected, captured, received or otherwise obtained and/or stored by Defendant," and she estimates its size "to amount to hundreds of persons." *Id.* ¶¶ 39–40. Pret USA's records indicate that, since January 1, 2018, approximately 515 employees worked in Pret USA's Illinois restaurants. *See* Ex. B, ¶ 4.

14. Plaintiff's allegations, as applied to approximately 515 Illinois employees, could well exceed the $5,000,000 threshold if Plaintiff seeks the sum of $5,000 for Count I and $5,000 for Count II, before potential attorneys' fees. *See, e.g.*, *Webb v. Fin. Indus. Regul. Auth., Inc.*, 889 F.3d 853, 857 (7th Cir. 2018) ("Legal fees may count toward the amount in controversy if the

plaintiff has a right to them 'based on contract, statute, or other legal authority.'"); *see also* 740 ILCS 14/20(3) (providing for recovery of "reasonable attorneys' fees" by a prevailing party). Again, Pret USA denies liability for Plaintiff's claims, any purported damages, and any such calculation of damages, but Pret USA recognizes that the Complaint's allegations provide the requisite amount in controversy for removal under CAFA.

15. Removal of this action is thus proper, as this Court has original jurisdiction over Plaintiff's claims under CAFA.

## **NO WAIVER OF RIGHTS**

16. With this removal, Pret USA does not waive any claims or defenses. Pret USA also does not concede, in any way, that the allegations in the Complaint are accurate, that Pret USA committed any of the violations of law alleged in the Complaint, that Plaintiff has asserted any claims upon which relief can be granted, that certification of the proposed class is appropriate, or that recovery of any of the amounts sought is authorized or appropriate.

Dated: December 4, 2020            Respectfully submitted,

                                                                   s/    Katherine S. Bailey
                                             Michael J. Gray
                                             mjgray@jonesday.com
                                             Efrat R. Schulman
                                             eschulman@jonesday.com
                                             Katherine S. Bailey
                                             kbailey@jonesday.com
                                             JONES DAY
                                             77 West Wacker
                                             Suite 3500
                                             Chicago, IL  60601.1692
                                             Telephone:    +1.312.782.3939
                                             Facsimile:     +1.312.782.8585

                                             *Attorneys for Defendant Pret A Manger (USA) Limited*

## CERTIFICATE OF SERVICE

      I hereby certify that, on December 4, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served the foregoing on counsel of record.

                                                                       /s/     Katherine S. Bailey
                                                                             Katherine S. Bailey