# EXHIBIT A

Return Date: No return date scheduled
Hearing Date: 11/16/2020 10:00 AM - 10:00 AM
Courtroom Number: N/A
Location: District 1 Court
　　　　　Cook County, IL

FILED
11/4/2020 10:25 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH06595

11017216

FILED DATE: 11/4/2020 10:25 AM　2020CH06595

| 2120 - Served | 2121 - Served |
| --- | --- |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons　　　　　　　　　　　　　　　　(08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

KAYLA QUARLES

　　　　　　　　　(Name all parties)　　Case No. 2020CH06595

v.

PRET A MANGER (USA) LIMITED

☑ **SUMMONS** ☐ **ALIAS SUMMONS**

To each Defendant:　Pret A Manger (USA) Limited, C/O United Corporation Services
　　　　　　　　　　901 S. Second Street Suite 201, Springfield, Illinois 62704

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 3

Summons - Alias Summons (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

FILED DATE: 11/4/2020 10:25 AM 2020CH06595

Atty. No.: 39042

Atty Name: Gregg Barbakoff

Atty. for: Kayla Quarles

Address: 55 W. Monroe St., Suite 3390

City: Chicago

State: IL  Zip: 60603

Telephone: 312-726-1092

Primary Email: GBarbakoff@KeoghLaw.com

Witness: 11/4/2020 10:25 AM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

- ⦿ Richard J Daley Center
  50 W Washington
  Chicago, IL 60602

- ○ District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

- ○ District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- ○ District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

- ○ District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

- ○ District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

- ○ Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607

- ○ Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

- ○ Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

**Daley Center Divisions/Departments**

- ○ Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

FILED DATE: 11/4/2020 10:25 AM  2020CH06595

Return Date: No return date scheduled
Hearing Date: 3/4/2021 9:30 AM - 9:30 AM
Courtroom Number: 2308
Location: District 1 Court
Cook County, IL

FILED
11/4/2020 12:00 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH06595

11005984

FILED DATE: 11/4/2020 12:00 AM  2020CH06595

FIRM NO. 39042

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

| | |
|---|---|
| KAYLA QUARLES, *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br>v.<br><br>PRET A MANGER (USA) LIMITED,<br><br>Defendant. | Case No. |

## CLASS ACTION COMPLAINT

Plaintiff Kayla Quarles, individually and on behalf of all other persons similarly situated, by her undersigned attorneys, as and for her Class Action Complaint for violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, against Defendant Pret A Manger (USA) Limited ("Pret A Manger" or "Defendant"), alleges on personal knowledge, due investigation of her counsel, and, where indicated, on information and belief as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in collecting, storing and using her and other similarly situated individuals' biometric identifiers[1] and biometric information[2] (referred to collectively at times as "biometrics") without obtaining informed written consent or providing the requisite data retention and destruction policies, in direct violation of BIPA.

---

[1] A "biometric identifier" is any personal feature that is unique to an individual, including fingerprints, iris scans, DNA and "face geometry", among others.

[2] "Biometric information" is any information captured, converted, stored or shared based on a person's biometric identifier used to identify an individual.

2. The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/15(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

3. In recognition of these concerns over the security of individuals' biometrics the Illinois Legislature enacted BIPA, which provides, *inter alia*, that a private entity like Defendant may not obtain and/or possess an individual's biometrics unless it informs that person in writing that biometric identifiers or information will be collected or stored. *See* 740 ILCS 14/15(b).

4. The BIPA further requires that entities collecting biometrics must inform those persons in writing of the specific purpose and length of term for which such biometric identifiers or biometric information are being collected, stored and used. *See id.*

5. Moreover, entities collecting biometrics must publish publicly available written retention schedules and guidelines for permanently destroying biometrics collected. *See* 740 ILCS 14/15(a).

6. Further, the entity must store, transmit and protect an individual's biometric identifiers and biometric information using the same standard of care in the industry and in a manner at least as protective as the means used to protect other confidential and sensitive information. *See* 740 ILCS 14/15(c).

7. Finally, the entity is expressly prohibited from selling, leasing, trading or otherwise profiting from an individual's biometrics. *See* 740 ILCS 15/15(c).

8. In direct violation of each of the foregoing provisions of §§ 15(a) and 15(b) of BIPA, Defendant collected, stored and used–without first providing notice, obtaining informed written consent or publishing data retention policies–the fingerprints and associated personally identifying information of hundreds of its employees (and former employees), who are being required to "clock in" with their fingerprints.

9. This practice of requiring employees to "clock in" using their fingerprints was in place at least since approximately April 2018.

10. Plaintiff left Defendant's employ in approximately January 2019 and was "clocking in" using her fingerprints during her tenure of employment with Defendant.

11. If Defendant's database of digitized fingerprints were to fall into the wrong hands, by data breach or otherwise, the employees to whom these sensitive and immutable biometric identifiers belong could have their identities stolen, among other serious issues.

12. BIPA confers on Plaintiff and all other similarly situated Illinois residents a right to know of such risks, which are inherently presented by the collection and storage of biometrics, and a right to know how long such risks will persist after termination of their employment.

13. Yet, Defendant never adequately informed Plaintiff or the Class of its biometrics collection practices, never obtained the requisite written consent from Plaintiff or the Class regarding its biometric practices, and never provided any data retention or destruction policies to Plaintiff or the Class.

14. Plaintiff brings this action to prevent Defendant from further violating the privacy rights of Illinois residents and to recover statutory damages for Defendant's unauthorized collection, storage and use of these individuals' biometrics in violation of BIPA.

## JURISDICTION AND VENUE

15. This Court has personal jurisdiction over Defendant because the biometrics that give rise to this lawsuit were (1) collected by Defendant at facilities in Illinois, (2) stored by Defendant at facilities in Illinois, and (3) used by Defendant at facilities in Illinois.

16. Venue is proper in this County pursuant to because Defendant conducts its usual and customary business in this County. 735 ILCS 5/2-102(a).

## PARTIES

17. Plaintiff is, and has been at all relevant times, a resident and citizen of Illinois.

18. Defendant Pret A Manger (USA) Limited is a foreign corporation and doing business in Cook County, Illinois within a facility located at 500 W Madison St, Chicago, Illinois.

## FACTUAL BACKGROUND

**I.     Illinois' Biometric Information Privacy Act.**

19. The use of a biometric scanning system in the workplace entails serious risks. Unlike key fobs or identification cards—which can be changed or replaced if stolen or compromised—facial geometry is a permanent, unique biometric identifier associated with the employee. This exposes employees to serious and irreversible privacy risks. For example, if a device or database containing employees' facial geometry data is hacked, breached, or otherwise exposed, employees have no means by which to prevent identity theft and unauthorized tracking.

20. Recognizing the need to protect citizens from these risks, Illinois enacted the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") in 2008, to regulate companies that collect and store biometric information, such as facial geometry. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276.

21. BIPA makes it unlawful for a company to, inter alia, "collect, capture, purchase,

FILED DATE: 11/4/2020 12:00 AM    2020CH06595

FILED DATE: 11/4/2020 12:00 AM 2020CH06595

receive through trade, or otherwise obtain a person's or a customer's biometric identifiers and/or biometric information, unless it first:

> (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative."

740 ILCS 14/15 (b).

22. Section 15(a) of BIPA also provides:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

23. As alleged below, Defendant's practices of collecting, storing and using individuals' biometric identifiers (specifically, fingerprints) and associated biometric information without informed written consent violated all three prongs of § 15(b) of BIPA. Defendant's failure to provide a publicly available written policy regarding their schedule and guidelines for the retention and permanent destruction of individuals' biometric identifiers and biometric information also violated § 15(a) of BIPA.

**II. Defendant Violates Illinois' Biometric Information Privacy Act.**

24. Unbeknown to the average person, and in direct violation of § 15(b)(1) of BIPA, Defendant scanned and collected, and then indefinitely stored in an electronic database, digital

copies of each employee's fingerprints during the employee onboarding process from at least approximately April 2018 to at least approximately January 2019, and on each occasion an employee clocks in or out of one of Defendant's Illinois-based facility – all without ever informing anyone of this practice in writing.

25. In direct violation of §§ 15(b)(2) and 15(b)(3) of BIPA, from at least approximately April 2018 to at least approximately January 2019, Defendant never informed Illinois employees who had their fingerprints collected of the specific purpose and length of time for which their biometric identifiers or information would be collected, stored and used, nor did Defendant obtain a written release from these individuals.

26. In direct violation of § 15(a) of BIPA, from at least January 2019, Defendant did not have written, publicly available policies identifying its retention schedules or guidelines for permanently destroying any of these biometric identifiers and/or biometric information.

### III. Plaintiff Kayla Quarles' Experience.

27. Plaintiff began working for Defendant in or around April 2018.

28. During the course of Plaintiff's employment, Defendant required Plaintiff to place her fingers on a fingerprint scanner, at which point Defendant scanned and collected, and stored in an electronic database, digital copies of Plaintiff's fingerprints.

29. Plaintiff worked for Defendant until approximately January 2019. During her employment tenure, Plaintiff was required to place her fingers on a fingerprint scanner, which scanned, collected and stored her fingerprints each time she "clocked" in and out as part of the timekeeping system.

30. Then, upon information and belief, Defendant's fingerprint matching technology compared Plaintiff's scanned fingerprint against the fingerprint previously stored in Defendant's fingerprint database.

31. On each occasion of "clocking in," Plaintiff was granted access to Defendant's facility in order to begin work.

32. Plaintiff never consented, agreed or gave permission–written or otherwise–to Defendant for the collection or storage of her unique biometric identifiers and/or biometric information.

33. Further, Defendant never provided Plaintiff with nor did she ever sign a written release allowing Defendant to collect or store her unique biometric identifiers and/or biometric information.

34. Likewise, Defendant never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of her unique biometric identifiers and/or biometric information.

35. By collecting Plaintiff's unique biometric identifiers and/or biometric information without her consent, written or otherwise, Defendant invaded Plaintiff's statutorily protected right to privacy in her biometrics.

36. Finally, Defendant never provided Plaintiff with a retention schedule and/or guideline for permanently destroying her biometric identifiers and biometric information.

37. Thus, Plaintiff has no reason to believe Defendant actually destroyed her biometric information, despite that the sole reason Plaintiff provided her biometric information (*i.e.* clocking in and out of work) is now moot.

FILED DATE: 11/4/2020 12:00 AM 2020CH06595

38. Further, to the extent Defendant uses an outside vendor to process its payroll, there is a significant risk Plaintiff's biometric identifiers have already been disseminated without her knowledge or consent.

## CLASS ALLEGATIONS

39. **Class Definition:** Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of a class of similarly situated individuals, defined as follows (the "Class"):

> All individuals who, while residing in the State of Illinois, had their fingerprints collected, captured, received or otherwise obtained and/or stored by Defendant.

40. **Numerosity:** Pursuant to 735 ILCS 5/2-801 (1), the number of persons within the Class is substantial, believed to amount to hundreds of persons. It is, therefore, impractical to join each member of the Class as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Class is ascertainable and identifiable from Defendant's records.

41. **Commonality and Predominance:** Pursuant to 735 ILCS 5/2-801(2), there are well-defined common questions of fact and law that exist as to all members of the Class and that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

> (a) whether Defendant collected or otherwise obtained Plaintiff's and the Class' biometric identifiers and/or biometric information;

(b) whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers and/or biometric information;

(c) whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class' biometric identifiers and/or biometric information;

(d) whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

(e) whether Defendant used Plaintiff's and the Class' biometric identifiers and/or biometric information to identify them;

(f) whether Defendant destroyed Plaintiff's and the Class' biometric identifiers and/or biometric information once that information was no longer needed for the purpose for which it was originally collected; and

(g) whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

42. **Adequate Representation:** Pursuant to 735 ILCS 5/2-801 (3), Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and her counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor her counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff has raised viable statutory claims or the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class, additional claims as may be appropriate, or to amend the Class definition to address any steps that Defendant took.

43. **Superiority:** Pursuant to 735 ILCS 5/2-801(4), a class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA.

### COUNT I – FOR DAMAGES AGAINST DEFENDANT
### VIOLATION OF 740 ILCS 14/15(a) – FAILURE TO INSTITUTE, MAINTAIN, AND ADHERE TO PUBLICLY AVAILABLE RETENTION SCHEDULE

44. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

45. BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention – and, importantly, deletion – policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS 14/15(a).

46. Defendant failed to comply with these BIPA mandates.

- 10 -

FILED DATE: 11/4/2020 12:00 AM 2020CH06595

47. Defendant is a company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

48. Plaintiff is an individual who had her "biometric identifiers" captured and/or collected by Defendant, as explained in detail in above. *See* 740 ILCS 14/10.

49. Plaintiff's biometric identifiers were used to identify Plaintiff and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

50. Defendant failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS 14/15(a).

51. Defendant lacked retention schedules and guidelines for permanently destroying Plaintiff's and the Class's biometric data. As such, the only reasonable conclusion is that Defendant has not, and will not, destroy Plaintiff's and the Class's biometric data when the initial purpose for collecting or obtaining such data has been satisfied.

52. On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, capture, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

FILED DATE: 11/4/2020 12:00 AM   2020CH06595

### COUNT II – FOR DAMAGES AGAINST DEFENDANT
### VIOLATION OF 740 ILCS 14/15(b) – FAILURE TO OBTAIN INFORMED WRITTEN CONSENT AND RELEASE BEFORE OBTAINING BIOMETRIC IDENTIFIERS OR INFORMATION

53. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

54. BIPA requires companies to obtain informed written consent from employees before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; **and** (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS 14/15(b) (emphasis added).

55. Defendant failed to comply with these BIPA mandates.

56. Defendant is a company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

57. Plaintiff and the Class are individuals who have had their "biometric identifiers" collected and/or captured by Defendant, as explained in detail above. *See* 740 ILCS 14/10.

58. Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

59. Defendant systematically and automatically collected, captured, used, and stored Plaintiff's and the Class's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

60. Defendant never informed Plaintiff, and never informed any member of the Class at least prior to January 2019, in writing that their biometric identifiers and/or biometric information were being collected, captured, stored, and/or used, nor did Defendant inform Plaintiff and the Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, used and disseminated as required by 740 ILCS 14/15(b)(1)-(2).

61. By collecting, capturing, storing, and/or using Plaintiff's and the Class's biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq*.

62. On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, captures, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Kayla Quarles, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

- A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing her counsel as Class Counsel;

FILED DATE: 11/4/2020 12:00 AM   2020CH06595

B. Declaring that Defendant's actions, as set out above, violate BIPA, 740 ILCS 14/1, *et seq.*;

C. Awarding statutory damages of $5,000.00 for each and every intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) if the Court finds that Defendant's violations were negligent;

D. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an Order requiring Defendant to collect, store, and use biometric identifiers and/or biometric information in compliance with BIPA;

E. Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3);

F. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

G. Awarding such other and further relief as equity and justice may require.

Dated: November 3, 2020            Respectfully submitted,

**KAYLA QUARLES, individually and on behalf of all others similarly situated,**

By: /s/ Gregg M. Barbakoff
     Keith J. Keogh
     Gregg M. Barbakoff
     KEOGH LAW, LTD. (FIRM 39042)
     55 W. Monroe St., Suite 3390
     Chicago, Illinois 60603
     Firm No. 39042
     Tel.: (312) 726-1092
     Fax: (312) 726-1093
     keith@keoghlaw.com
     gbarbakoff@keoghlaw.com

*Attorneys for Plaintiff and the Putative Class*

FILED DATE: 11/4/2020 12:00 AM 2020CH06595

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### CHANCERY DIVISION

| | |
|---|---|
| KAYLA QUARLES, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br>v.<br><br>PRET A MANGER (USA) LIMITED,<br><br>Defendant. | Case No. |

### RULE 222(b) AFFIDAVIT

1. My name is Kayla Quarles and I am above the age of majority and of sound mind to understand and execute this Affidavit.

2. I have reviewed the Complaint to be filed in this matter and believe it to be true to the best of my knowledge.

3. I believe that Defendant has harmed me in multiple ways, as outlined in the Complaint.

4. Through the Complaint, I seek a recovery in excess of $50,000.00.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies that he verily believes the same to be true.

Executed:

By: _____
Kayla Quarles (Mar 28, 2020)

Kayla Quarles

FILED DATE: 11/4/2020 12:00 AM 2020CH06595

**Chancery Division Civil Cover Sheet**
**General Chancery Section** (02/19/20) CCCH 0623

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

KAYLA QUARLES

Plaintiff

v. Case No: _____

PRET A MANGER (USA) LIMITED

Defendant

### CHANCERY DIVISION CIVIL COVER SHEET
### GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | | | |
|---|---|---|---|
| 0005 | ☐ Administrative Review | 0017 | ☐ Mandamus |
| 0001 | ☑ Class Action | 0018 | ☐ Ne Exeat |
| 0002 | ☐ Declaratory Judgment | 0019 | ☐ Partition |
| 0004 | ☐ Injunction | 0020 | ☐ Quiet Title |
| | | 0021 | ☐ Quo Warranto |
| 0007 | ☐ General Chancery | 0022 | ☐ Redemption Rights |
| 0010 | ☐ Accounting | 0023 | ☐ Reformation of a Contract |
| 0011 | ☐ Arbitration | 0024 | ☐ Rescission of a Contract |
| 0012 | ☐ Certiorari | 0025 | ☐ Specific Performance |
| 0013 | ☐ Dissolution of Corporation | 0026 | ☐ Trust Construction |
| 0014 | ☐ Dissolution of Partnership | 0050 | ☐ Internet Take Down Action (Compromising Images) |
| 0015 | ☐ Equitable Lien | | |
| 0016 | ☐ Interpleader | | ☐ Other (specify) _____ |

● Atty. No.: 39042  ○ Pro Se 99500

Atty Name: Gregg Barbakoff

Atty. for: Plaintiff Kayla Quarles

Address: 55 W. Monroe St, Suite 3390

City: Chicago  State: IL

Zip: 60603

Telephone: 312-726-1092

Primary Email: GBarbakoff@Keoghlaw.com

Pro Se Only: ☐ I have read and agree to the terms of the Clerk's Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 1