IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KAYLA QUARLES, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 2020-cv-07179 |
| Plaintiff, | ) ) | Hon. Judge Manish Shah |
| v. | ) ) | |
| PRET A MANGER (USA) LIMITED, | ) ) | |
| Defendant. | ) | |

**DEFENDANT'S AMENDED MOTION TO DISMISS
PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant Pret A Manger (USA) Limited ("Pret"), through its attorneys, Jamie Filipovic and Matthew Szwajkowski of O'Hagan Meyer LLC, hereby submits its Amended Motion to Dismiss Plaintiff's Class Action Complaint pursuant to Federal Rule 12(b)(6). In support thereof, Pret states as follows:

**INTRODUCTION**

This case is yet another of the hundreds of putative class actions filed to date against private entities in the State of Illinois under the Biometric Information Privacy Act ("BIPA") (740 ILCS 14/1 *et seq*). This BIPA lawsuit filed by Plaintiff Kayla Quarles, like nearly all others like it filed over the last few years, alleges violations of BIPA against her employer, Defendant Pret. Plaintiff brings the lawsuit on behalf of a purported class of individuals who, "while residing in the State of Illinois, had their fingerprints collected, captured, received or otherwise obtained and/or stored by Defendant." (Dkt. 1-A, ¶ 39).

Pret now moves to dismiss the Class Action Complaint, as Plaintiff's BIPA claims are barred as a matter of law and legally deficient in the following ways: (1) Plaintiff's BIPA claims are preempted by the exclusive remedy provision of the Illinois Workers' Compensation Act; (2)

Plaintiff's BIPA claims are barred by Illinois' one-year statute of limitations; (3) alternatively, Plaintiff's BIPA claims are barred by Illinois' two-year statute of limitations; and (4) Plaintiff fails to state any plausible cause of action against Pret under BIPA. Accordingly, this Court should grant Pret's motion to dismiss and dismiss Quarles' Complaint in its entirety with prejudice.

## FACTUAL BACKGROUND

According to the allegations of the Complaint, Plaintiff Kayla Quarles was employed by Defendant Pret from April 2018 through approximately January 2019. (Dkt. 1-A, ¶¶ 27, 29). Quarles claims that "during the course of Plaintiff's employment" with Defendant, Pret "required Plaintiff to place her finger on a fingerprint scanner, at which point Defendant scanned and collected, and stored in an electronic database, digital copies of Plaintiff's fingerprints." (Dkt. 1-A, ¶ 28). Quarles alleges that Defendant Pret never provided her with the "requisite statutory disclosures," that Pret failed to obtain her informed written consent in compliance with BIPA, and that Pret "never provided Plaintiff with a retention schedule or other guideline for permanently destroying her biometric identifiers and biometric information." (Dkt. 1-A, ¶¶ 33, 34, 36). As such, according to Plaintiff, Pret "invaded Plaintiff's statutory right to privacy in her biometrics." (Dkt. 1-A, ¶ 35). Plaintiff asserts two causes of action pursuant to Sections 15(a) and 15(b) of BIPA. (Doc. 1, ¶¶ 40-43).

## ARGUMENT AND AUTHORITY

**I.      The Illinois Workers' Compensation Act Provides The Exclusive Remedy For Employees Who Seek Statutory Damages Allegedly Caused by Workplace Injuries.**

The Illinois Workers' Compensation Act preempts Quarles' claim for statutory damages under the BIPA because her alleged injuries, however she characterizes them, occurred in the workplace and arose out of her employment. The Workers' Compensation Act created a system

where "in exchange for a system of no-fault liability upon the employer, the employee is subject to statutory limitations on recovery for injuries [] arising out of and in the course of employment." *Folta v. Ferro Eng'g,* 2015 IL 118070, ¶12. "As part of this 'balancing,' the Act further provides that the statutory remedies under it shall serve as the employee's exclusive remedy if [s]he sustains a compensable injury." *Sharp v. Gallagher*, 95 Ill. 2d 322, 326 (1983) (internal quotation omitted); *Cooley v. Power Constr. Co., LLC*, 2018 IL App (1st) 171292, ¶12 ("[e]mployees that are injured at work do not have a cause of action against their employer, and their exclusive remedy is to apply for benefits under the Workers' Compensation Act"); *see also* 820 ILCS § 305/5(a) (setting forth exclusivity provision); 820 ILCS § 305/11. The policy reasons for exclusivity are manifest: the workers' compensation system acts as a form of insurance, providing for an exclusive system of liability for work-related injuries, in return for giving employers relief from the prospect of large damages claims. *See Wielgus v. Ryobi Techs., Inc.*, 875 F. Supp. 2d 854, 860 (N.D. Ill. 2012).

As with any issue of statutory construction, the analysis "begins with the plain language of the statute." *See People ex rel. Devine v. $30,700.00 U.S. Currency*, 199 Ill. 2d 142, 150 (2002); *see also People v. Woodard*, 175 Ill. 2d 435, 443 (1997) ("[t]here is no rule of construction which allows the court to declare that the legislature did not mean what the plain language of the statute imports"). According to that plain language, an employee has "no common law ***or statutory right*** to recover damages from the employer * * * for injury [] sustained by any employee while engaged in the line of [ ] duty," 820 ILCS § 305/5(a) (emphasis added), or for an injury "arising out of and in the course of the employment," 820 ILCS § 305/11. *See also Richardson v. Cty. of Cook*, 250 Ill. App. 3d 544, 547 (1st Dist. 1993) (the exclusivity provisions specifically establish that an employee has no "statutory right to recover damages from the employer * * * for injuries

incurred in the course of her employment") (internal quotation omitted). As the Illinois Supreme Court explains, "[t]he language of [820 ILCS § 305/5(a)], read alone, **leaves no room for construction** [because] it bars any 'statutory right to recover damages for injury,'" *Gannon v. Chicago, M., St. P. & P. Ry. Co.*, 13 Ill. 2d 460, 462 (1958) (emphasis added), which is why courts have held, time and time again, that the Exclusivity Provisions bar employee attempts to recover damages under a whole host of statutes. *See, e.g., id.* (describing Section 5(a) as having a "broad sweep" and holding that the Workers' Compensation Act barred employee claim under the Scaffold Act); *Vacos v. LaSalle Madison Hotel Co.*, 21 Ill. App. 2d 569, 572 (1st Dist. 1959) (same regarding employee claim under the Dram Shop Act; the "clear language of [Section 5(a)] bars any right . . . to recover" outside the Workers' Compensation Act); *Compass v. Ill. Power Co.*, 211 Ill. App. 3d 205, 207-14 (4th Dist. 1991) (same regarding employee claim under the Public Utilities Act); C*arey v. Coca-Cola Bottling Co. of Chicago*, 48 Ill. App. 3d 482, 484 (2d Dist. 1977) (similar; Structural Work Act). This authority controls here: the Workers' Compensation Act "leaves no room for construction" because its plain language bars any statutory right an employee has to recover damages against an employer for a workplace injury, such as a statutory right to damages under BIPA that an employee such as Quarles asserts against her employer.

    **A.    Quarles' Alleged Workplace Injury Is Not Excepted From The Broad Exclusivity Provision Of The Workers' Compensation Act.**

To circumvent these exclusivity provisions, Quarles must demonstrate that her injury [1] "was not accidental," [2] "did not arise from h[er] employment," [3] "was not received during the course of her employment," or [4] "is not compensable under the Act." *See Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 934 (7th Cir. 2017); *Baylay v. Etihad Airways P.J.S.C.*, 881 F.3d 1032, 1039 (7th Cir. 2018) (plaintiff bears burden to establish exception to exclusivity).

No exception to exclusivity applies here. Accordingly, Quarles' claim is barred in its entirety as preempted under the IWCA.

### 1. Quarles Cannot Establish That Her Alleged Injury Is "Accidental" For Purposes Of Determining Workers' Compensation Exclusivity.

To the extent Quarles has suffered a workplace "injury" from placing a finger on a time-clock scanner, that injury is "accidental" for purposes of determining Workers' Compensation exclusivity. First, the Complaint does not allege facts that could plausibly be construed as "willful" conduct. Even if it did, courts have construed the term "accidental" "to be a comprehensive one that is almost without boundaries," such that it that includes "willful and wanton" conduct, *see Baylay v. Etihad Airways P.J.S.C.*, 222 F. Supp. 3d 698, 703-04 (N.D. Ill. 2016), *aff'd*, 881 F.3d 1032 (7th Cir. 2018) (citing authority; internal quotation omitted), and all other conduct except that where the "employer [ ] acted deliberately and with specific intent to injure the employee," *Garland v. Morgan Stanley & Co.*, 2013 IL App (1st) 112121, ¶29. And because there are no allegations that Pret implemented a time-clock system with the specific intent of injuring Quarles, Quarles' "injury" is accidental, and she cannot establish that the first exception to exclusivity applies.

### 2. Quarles' Alleged Injury Arose Out Of Her Employment, Thus It Is "Compensable" Under The Workers' Compensation Act.

The remaining exceptions likewise do not apply. Quarles admits her alleged injuries arose out of, and occurred during the course of, her employment with her employer, Defendant Pret (*see, e.g.*, Compl. [Dkt. #1-A] at ¶¶27-37), which in turn means that her injury is "compensable," as ample Illinois Supreme Court precedent confirms. *See Folta*, 2015 IL 118070 at ¶¶18-30 (broadly construing exclusivity provisions of Sections 5(a) and 11 to hold that an injury will be found to be "compensable" under the Act when it "aris[es] out of and in the course of the employment"); *Pathfinder Co. v. Industrial Comm'n*, 62 Ill. 2d 556, 563 (1992); *Meerbrey v. Marshall Field &*

*Co.*, 139 Ill. 2d 455, 468 (1990); *Unger v. Continental Assurance Co.*, 107 Ill. 2d 79, 85 (1985) (similar); *Collier v. Wagner Castings Co.*, 81 Ill. 2d 229, 237–38 (1980) (similar); *Sjostrom v. Sproule*, 33 Ill. 2d 40, 43 (1965) (similar); *Richardson*, 250 Ill. App. 3d at 548 (similar). Thus, Quarles cannot establish that her alleged injury avoids the Exclusivity Provisions of the Workers' Compensation Act, and her claim for damages should be dismissed.

      **B.**      **Illinois Supreme Court Precedent Interpreting Workers' Compensation Exclusivity Is Binding On This Court; Other State Court Rulings Are Not.**

The above-cited Illinois Supreme Court precedent binds the Court. *See Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 637 (7th Cir. 2002) ("the task of the federal court sitting in diversity is to ascertain the substantive content of state law as it [] has been determined by the highest court of the state"). The Workers' Compensation Act does not distinguish between types of injuries except in one respect—it requires only that the injury be "in the line of duty" or "arising out of and in the course of the employment." *See* 820 ILCS §§ 305/5(a), 11. Indeed, the Illinois Supreme Court has previously noted that, where the plain language of the statute applies to "**any** injury to health [or] disease," it would be a "radical departure to suggest" that that language applies "only for **certain** occupational diseases . . ." *Folta*, 2015 IL 118070 at ¶41 (construing 820 ILCS 310/5(a) and 820 ILCS 310/11, which are "viewed analogously" to the Exclusivity Provisions "for purposes of judicial construction"); *see also Meerbrey*, 139 Ill. 2d at 467–68 (deeming "humiliation" arising from false arrest to be within the categorical purview of the Workers' Compensation Act).

While some recent state court rulings—including a recent state intermediate appellate court decision, *see, e.g., McDonald v. Symphony Bronzeville Park, LLC*, 2020 IL App (1st) 192398—have attempted to create a new exception from Workers' Compensation exclusivity, those rulings do not impact the analysis here because rulings of inferior state courts are **never**

binding on a federal court sitting in diversity jurisdiction. *See Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) ("under *Erie* our task [] is to predict what the state's highest court will do. * * * But decisions of intermediate state courts lack similar force; they, too, are just prognostications.").[1] And in any event, the Illinois Supreme Court will soon provide clarification regarding this important issue of Illinois law, as it accepted defendant's petition for leave to appeal the *McDonald* case on January 27, 2021.

      C.      **BIPA Did Not Repeal The Exclusivity Provisions In The Illinois Workers' Compensation Act.**

By enacting the BIPA, the Illinois legislature did not seek to upset the liability protection to common law and statutory claims that employers enjoy with respect to workplace-related injuries. The BIPA appears in Chapter 740 of the Illinois Code, which is titled "Civil Liabilities," whereas laws specifically applicable to employers and their employees are contained in Chapter 820, which is aptly named the "Employment" chapter of the Illinois Code. Moreover, the BIPA's "Legislative Findings" section makes no mention of employers or employees, 740 ILCS § 14/5, and, in fact, the terms "employment" and "employee" are only contained in the BIPA at the end of 740 ILCS § 14/10, buried within the definition of the phrase "written release."

As such, because there is no express repeal of Workers' Compensation exclusivity, BIPA "should not be construed to effect a change in the settled law of the State" because neither its place in the Illinois Code nor its text "clearly require[s] such a construction," *In re May 1991 Will*

---

[1] These intermediate state appellate court decisions crumble under their own reasoning, in any event. By creating a new exception to Workers' Compensation exclusivity, those decisions not only conflict with Illinois Supreme Court authority, but also with "a cardinal rule of statutory construction that [a court] cannot rewrite a statute, and depart from its plain language, by reading into it exceptions, limitations or conditions not expressed by the legislature." *See also People ex rel. Birkett v. Dockery*, 235 Ill. 2d 73, 81 (2009). Moreover, "[w]hen given a choice between an interpretation of Illinois law which reasonably restricts liability, and one which greatly expands liability, [a court] should choose the narrower and more reasonable path (at least until the Illinois Supreme Court tells us differently)." *Todd v. Societe Bic, S.A.*, 21 F.3d 1402, 1412 (7th Cir. 1994) (parentheses in original).

*Cty. Grand Jury*, 152 Ill. 2d 381, 388 (1992), particularly since it is the Workers' Compensation Act, not the BIPA, that contains an exclusivity provision, *see Gannon*, 13 Ill. 2d at 463 (Workers' Compensation Act preempts employee claim brought under a statute). Even if there were "[a]n apparent conflict between statutes, they must be construed in harmony," *1010 Lake Shore Ass'n v. Deutsche Bank National Trust Co.*, 2015 IL 118372, ¶37, "so that no provisions are rendered inoperative," *Knolls Condominium Ass'n v. Harms*, 202 Ill. 2d 450, 458–59 (2002); *Barragan v. Casco Design Corp.*, 216 Ill. 2d 435, 441–42 (2005) (a court must interpret the statutes to "give[] effect to both statutes" where "reasonably possible"). Indeed, BIPA and the Workers' Compensation Act are susceptible to complementary interpretations: to the extent an employee can demonstrate that injunctive relief is appropriate, then that employee can obtain redress under the BIPA (thereby effectuating the purpose of the BIPA); but to the extent the employee seeks a "statutory right" to damages, that claim is preempted by the exclusive remedies afforded under the Illinois Workers' Compensation Act. Accordingly, Quarles' claim for damages should be dismissed with prejudice as preempted under the IWCA.

## II. Quarles' BIPA Claims Are Time-Barred.

Because the BIPA does not contain its own statute of limitation, a court must look to the nature of the injury to determine the applicable limitations period. *See Doe A. v. Diocese of Dallas*, 234 Ill. 2d 393, 413 (2009) (it is "well established that the limitations period governing a claim is determined by the nature of the plaintiff's injury rather than the nature of the facts from which the claim arises"); *see also PSI Res., LLC v. MB Fin. Bank, Nat. Ass'n*, 2016 IL App (1st) 152204, ¶39 ("Where two statutes of limitation arguably apply * * * the one which more specifically relates to the action must be applied"). Applying this principle here, the one-year limitations period that applies to invasion of privacy claims controls, but Quarles' claims would also be barred even under a two-year limitations period.

A. **Because Quarles Alleges A Privacy Injury, Her Claims Are Barred By The One- Year Statute Of Limitations That Applies To Privacy Claims.**

Quarles alleges the nature of her injury is that she has been exposed to "serious and irreversible privacy risks" created by Pret's alleged violations of BIPA (Compl. [Dkt. #1-A] at ¶19) (*see also id.* at ¶¶51, 60 (alleging Pret "violated the privacy rights of Illinois residents")). *See also Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, ¶¶34, 36 (purpose of BIPA is to prevent private information from being compromised). The Complaint further alleges that "there is a significant risk" dissemination of biometrics to a third-party **has already occurred**. (*See id*. at ¶¶38 (alleging "risk" of improper disclosure of private biometric information to a third-party). In other words, Quarles characterizes her injury as the unlawful distribution, sharing, and/or publication of her private information.

Accordingly, a one-year statute of limitations applies here. Indeed, courts have routinely so held with respect to privacy claims just like those at issue here, such as common-law and statutory claims for defamation, false light, public disclosure of private facts, misappropriation of an individual's likeness and violation of the Illinois Right to Publicity Act ("IRPA"), 765 ILCS § 1075/1 *et seq*.[2] What these claims share is they all involve the unlawful publication of personal information, even if it is not specifically described as an element of the claim. *See Kolegas v. Heftel Broad. Corp*., 154 Ill. 2d 1, 17 (1992) (false light claim shows that plaintiff was "placed

---

[2] *See, e.g., Bryson v. News Am. Publications, Inc.*, 174 Ill. 2d 77, 105 (1996) ("[t]he limitations period for invasion of privacy claims and for defamation claims is one year after the cause of action accrues"); *Blair v. Nevada Landing P'ship*, 369 Ill. App. 3d 318, 323 (2d Dist. 2006) (the one-year statute of limitations applies to claims under the IRPA); *Lopez v. Admiral Theatre, Inc.*, No. 19 C 673, 2019 WL 4735438, at *2 (N.D. Ill. Sept. 26, 2019) (same; citing authority); *Poulos v. Lutheran Soc. Servs. Of Illinois, Inc.*, 312 Ill. App. 3d 731, 745 (1st Dist. 2000) (same as to false light); *Benitez v. KFC Nat. Mgmt. Co.*, 305 Ill. App. 3d 1027, 1034 (2d Dist. 1999) (one-year statute of limitations applies to claims for [1] public disclosure of private facts, [2] appropriation of name or likeness, and [3] false light, *Johnson v. Lincoln Christian College*, 150 Ill. App. 3d 733, 745-46 (4th Dist. 1986) (same as to public disclosure of private facts); *Founding Church of Scientology of Washington, D. C. v. Am. Med. Ass'n*, 60 Ill. App. 3d 586, 589 (1st Dist. 1978) (same as to libel); *Bakalis v. Bd. of Trustees of Cmty. Coll. Dist. No. 504, Cty. of Cook, State of Ill. (Triton Coll.)*, 948 F. Supp. 729, 736 (N.D. Ill. 1996) (same for slander).

in a false light before the public"); *Trannel v. Prairie Ridge Media, Inc.*, 2013 IL App (2d) 120725, ¶18 (claim under IRPA addresses the "public use" or "holding out" of an individual's identity); *Ainsworth v. Century Supply Co.*, 295 Ill. App. 3d 644, 648 (2d Dist. 1998) (misappropriation of likeness claims are "designed to protect a person from having his name or image used for commercial purposes without consent"). Given the allegations of Quarles' Complaint, these cases control the outcome here.

Other authority similarly demonstrates that claims under BIPA are privacy claims involving publication. In *West Bend Mut. Ins. Co. v. Krishna Schaumburg Tan, Inc.*, 2020 IL App (1st) 191834, *appeal allowed*, 154 N.E.3d 804 (Ill. 2020) 186, 195, the First District analyzed the term "publication" in the BIPA context. Specifically, the court considered whether an insurance policy's provision for personal injuries arising out of the "publication of material that violates a person's right of privacy"—language materially identical to that contained in Illinois' one-year statute of limitations—applied to a BIPA claim. *Id.* at ¶¶27-28. The lawsuit involved a tanning salon that required its customers to enroll in a database in which their fingers were scanned for identity verification purposes. *Id.* at ¶10. The tanning salon allegedly failed to obtain proper consent and disclosed plaintiff's biometrics to a third-party vendor in violation of BIPA. *Id.* at ¶¶10-11. The First District held that the common understanding of the term publication includes "a more limited sharing of information with a single third party." *Id.* at ¶35. As such, BIPA's core concern with prohibiting disclosure of an individual's biometric data to a third party necessarily involves publication. *Id.* at ¶38. The insurance policy thus covered the plaintiff's BIPA claim. *Id.*

The *West Bend* decision is consistent with how the Illinois Supreme Court and other courts have interpreted the BIPA. The BIPA sets up a statutory framework designed to prevent individuals' biometric data from falling into the wrong hands. *See Rosenbach v. Six Flags Entm't*

*Corp.*, 2019 IL 123186, ¶¶33-35. As recognized by the Illinois Supreme Court in *Rosenbach*, and more recently the Seventh Circuit Court of Appeals, the focus of BIPA is not just on a right to privacy, but also on a right to control the dissemination of biometric information. *Id.*; *Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020). Each of BIPA's provisions serve to further that purpose. *See Bryant*, 958 F.3d at 626 ("the sensitivity of biometric information and the risk of identity theft or other privacy or economic harm that may result from its dissemination, necessitates that people be given the opportunity to make informed choices about to whom and for what purpose they will relinquish control of that information."). And this conclusion holds true regardless of what provision of the statute is alleged to have been violated, for all the provisions in the statute serve to advance the General Assembly's goal of preventing the wrongful disclosure of biometrics. *See Sekura*, 2018 IL App (1st) 180175 at ¶59 ("[t]he Act's goal is to prevent irretrievable harm from happening and to put in place a process and rules to reassure an otherwise skittish public."). This conclusion is particularly warranted here, where Quarles alleges that the class's biometrics have been improperly disclosed. Accordingly, given that Quarles alleges her biometrics were first obtained in violation of BIPA when she began working for Defendant Pret in April 2018 (Complaint, Dkt. 1-A at ¶27), *see Blair*, 369 Ill. App. 3d at 325 ("the first time that an offending item is published, the one-year statute of limitations * * * begins to run and the dissemination of that same [] item [] does not * * * refresh the running of the statute of limitations"), Quarles' claims are time-barred.

      **B.**    **Quarles' BIPA Claims Would Also Be Barred By The Two-Year Statute Of Limitations For Personal Injuries.**

In the alternative, the two-year statute of limitations for personal injuries should apply to Quarles' BIPA claims. BIPA claims, at their core, are suits for "personal" injuries. *See, e.g., Neikirk v. Cent. Illinois Light Co.*, 128 Ill. App. 3d 1069, 1072 (3d Dist. 1984) ("that the alleged cause of

action was statutory in origin does not remove plaintiff's personal injury claim from the purview of section 13–202"). As such, the two-year statute of limitations for "actions for damages for an injury to the person" would also bar Quarles' claims under BIPA. 735 ILCS § 5/13-202.

The law in Illinois has long recognized that personal injuries include more than physical, bodily injuries. *See Eick v. Perk Dog Food Co.*, 347 Ill. App. 293, 299 (1st Dist. 1952) (a claim can be based on purely mental injuries); *see also Knierim v. Izzo*, 22 Ill.2d 73, 83-87 (1961) (recognizing claim for "great mental anguish" and "nervous exhaustion"); *Pavlik v. Kornhaber*, 326 Ill. App. 3d 731, 744 (1st Dist. 2001) (personal injury statute of limitations applied to patient's claim against therapist for emotional injuries related to the therapist's sexual advances); *Dahl v. Fed. Land Bank Assn. of W. Illinois*, 213 Ill. App. 3d 867, 872 (3d Dist. 1991) ("emotional harm is a species of 'injury to the person'"). This is why courts repeatedly hold that a two-year statute of limitations applies to personal injury claims even where those claims involve non-physical injuries. *Dahl*, 213 Ill. App. 3d at 872 ("intentional infliction of emotional harm" is " governed by the limitation period set out in section 13-202 of the Code of Civil Procedure"); *Pavlik*, 326 Ill. App. 3d at 744 (same).

Privacy claims consist entirely of non-physical, emotional injuries that nonetheless are injuries "to the person." Indeed, since the inception of invasion of privacy torts in Illinois, courts have recognized that privacy claims require courts to "take cognizance of an injury, even though no right of property or contract may be involved and even though the damages resulting are exclusively those of mental anguish." *See Eick*, 347 Ill. App. at 299.[3] The same is true for BIPA

---

[3] There is ample authority to a similar effect. *See, e.g., Trannel*, 2013 IL App (2d) 120725 at ¶15 (common law appropriation of likeness claim "protected a private individual whose harm was to personal feelings"); *Petty v. Chrysler Corp.*, 343 Ill. App. 3d 815, 828 (1st Dist. 2003) (damages for mental suffering and distress could be expected and constitute actual damages in misappropriation-of-identity cases); *Green v. Chicago Tribune Co.*, 286 Ill. App. 3d 1, 9 (1st Dist. 1996) (a claim for publication of private facts arises only when the publication "is such that a reasonable person would feel justified in feeling seriously aggrieved.")

claims. As is the case with common law privacy torts, violations of BIPA do not result in physical injuries, but nonetheless are "real and significant," *see Rosenbach*, 2019 IL 123186 at ¶34, and there is no reason to think a BIPA injury is dissimilar to other privacy claims, especially given that BIPA is a statute aimed at preventing the improper disclosure of private information. Accordingly, Quarles's personal injury also arose no later than April 2018 when she first used the time clock at issue.[4] (Compl. [Dkt. #1-A] at ¶27) And because she filed her complaint in November 2020, her claims are barred by the two-year statute of limitations for personal injury claims.

### III. The Court Should Dismiss The Complaint Because Quarles' Conclusory Allegations Fail To Satisfy The *Twombly-Iqbal* Standard.

Finally, the Complaint lacks any meaningful factual content to indicate that Pret violated Sections 15(a) or 15(b) of BIPA. In accordance with United States Supreme Court precedent in *Twombly* and *Iqbal*, a complaint must also contain sufficient factual content "to state a claim to relief that is plausible on its face…" (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), and "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that offers "labels and conclusions, ... a formulaic recitation of the elements of a cause of action[,]" or "naked

---

[4] Plaintiff's claims "accrued" for purposes of the statute of limitations when she was first enrolled in the biometric at issue when she was hired in April 2018. (Dkt. 1-A at ¶ 27). See, e.g., *Cothron v. White Castle System, Inc.*, 2020 WL 4569694, at *4-5 (N.D. Ill. Aug. 7, 2020) (holding that defendant "violated Section 15(b) when it first scanned [plaintiff's] fingerprint and violated Section 15(d) when it first disclosed her biometric information to a third party"). In *Cothron*, the Illinois federal court recently declared that Illinois' continuing violation doctrine, which is an exception to the general rule of accrual for the statute of limitations, does ***not*** apply to BIPA actions because "Sections 15(b) and 15(d) impose obligations that are violated through discrete individual acts, not accumulated courses of conduct." *Cothron*, 2020 WL 4569694, at *4. Moreover, "[t]he injuries resulting from these violations do not need time to blossom or accumulate. Time may exacerbate them, but an injury occurs immediately upon violation." *Id.*; see also, *Feltmeier v. Feltmeier*, 207 Ill. 2d 263 (2003) (an action "accrues" when a person knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused).

assertion[s]" devoid of "further factual enhancement" will not suffice. *Twombly,* 550 U.S. at 555, 557. A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged…" *Iqbal,* 556 U.S. at 678 (citation omitted). In this case, Plaintiff's claims must be dismissed because Plaintiff fails to allege in any meaningful or substantive way that Pret itself ever actually possessed, received, or retained Plaintiff's alleged biometrics, or somehow disclosed Plaintiff's biometrics to some third party.

Plaintiff alleges that Defendants violated Section 15(a) of BIPA by not "provid[ing] a publicly available retention schedule or guidelines for permanently destroying biometric identifiers[.]" (Dkt. 1-A, ¶ 50). However, Section 15(a) of the BIPA does *not* require a private entity to "provide" anything, so Plaintiff's claim under Section 15(a) falls short on that basis alone. The word "provide" actually does not appear anywhere in Section 15(a) of BIPA, and therefore cannot form the basis of a properly pled Section 15(a) claim. Section 15(a) of BIPA merely requires an entity that comes into possession of biometric information to "create or produce" a written retention policy after coming into possession of such information. Nowhere in Section 15(a) is there a requirement that a private entity in possession of biometric information "provide" any particular individual anything at all – including a retention schedule and guidelines for the destruction of biometric identifiers and information. *See, generally,* 740 ILCS 14/1, *et seq.* As the Seventh Circuit recently held, "the duty to disclose under section 15(a) is ***owed to the public generally, not to particular persons*** whose biometric information the entity collects." *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020) (***emphasis added***).

Aside from conclusory allegations and pure speculation, Plaintiff provides no basic facts to indicate that Pret, specifically, took any active steps to collect, obtain, or otherwise disclose

Plaintiff's biometric data, which is fatal to her claims under Sections 15(b). In *Heard v. Becton, Dickinson & Co.*, the court held that a BIPA claim under Section 15(b) requires, at a minimum, allegations that a defendant took an ***"active step"*** to collect or obtain biometric data, and that a plaintiff cannot sustain a claim under either Section 15(a) or Section 15(d) if the plaintiff fails to adequately plead "possession" of biometric data. *Heard*, 2020 WL 887460, at *7, 10-11 (N.D. Ill. Feb. 24, 2020). Here, Plaintiff is not permitted to generically allege that Defendant Pret collected biometric data without alleging how or when any such biometric data was collected, how or why such data might have disclosed and to whom, or any other basic details. Plaintiff has not alleged sufficient facts to support an inference, let alone a plausible conclusion, that Pret was ever actually "in possession" of biometric data, which is a prerequisite to triggering statutory obligations under BIPA.

## CONCLUSION

**WHEREFORE**, Defendant Pret A Manger (USA) Limited respectfully requests that this Honorable Court grant its Amended Motion to Dismiss and enter an Order pursuant to Federal Rule 12(b)(6) dismissing Plaintiff's Class Action Complaint with prejudice. Defendant further requests that the Court grant such other and further relief as it deems just and proper.

    Respectfully submitted,

    O'HAGAN MEYER LLC

    By:   */s/ Jamie L. Filipovic*
            One of the Attorneys for Defendant

Jamie L. Filipovic
Matthew E. Szwajkowski
O'Hagan Meyer LLC
One East Wacker, Suite 3400
Chicago, IL 60601
jfilipovic@ohaganmeyer.com
mszwajkowski@ohaganmeyer.com