# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

### I.    PREAMBLE

1.      This Settlement Agreement is made and entered into as of the dates of Execution set forth below, by and among (1) Plaintiff Kayla Quarles, individually and on behalf of the Settlement Class, (2) Settlement Class Members, (3) Pret a Manger (USA) Limited ("Pret").

### II.    DEFINITIONS

1.      "*Action*" means the pending action styled *Kayla Quarles, individually and on behalf of all others similarly situated v. Pret a Manger (USA) Limited* in the United States District Court for the Northern District of Illinois, Case No. 2020-cv-07179.

2.      "*Agreement*" means this Settlement Agreement and Release.

3.      "*Attorneys' Fees and Litigation Expenses*" means the attorneys' fees and litigation expenses to be requested by Class Counsel subject to Court approval in accordance with this Agreement to be paid out of the "Settlement Funds."

4.      "*CAFA Notice*" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

5.      "*Claimant*" means any Settlement Class Member who does not timely opt out of the Settlement.

6.      "*Claims Administrator*" means American Legal Claim Services, LLC., subject to approval by the Court.  The Claims Administrator shall be responsible for providing the class Notice as well as the services related to administration of the Settlement that are addressed and defined herein.

7.      "*Class Counsel*" means Keith J. Keogh and Gregg M. Barbakoff of Keogh Law, Ltd.

8.      "*Class List*" means the list of approximately 797 Settlement Class Members, which Defendant shall produce to Claims Administrator within seven (7) days of the entry of the Preliminary Approval Order, along with the Settlement Class Members' full names, last known U.S. mailing address, and social security number in order to provide 1099s to the class members.

9.      "*Class Period*" means the period from November 4, 2015 through the date of preliminary approval.

10.     "*Court*" means the United States District Court for the Northern District of Illinois.

11.     "*Defendant*" means Pret a Manger (USA) Limited.

12.     "*Execution*" means the signing of this Agreement by all signatories hereto.

13.     "*Final Approval Hearing*" means the hearing during which the Court considers the Parties' request to enter the Final Approval Order granting final approval of the Settlement and to determine the amount of Attorneys' Fees and Litigation Expenses awarded to Class Counsel and the amount of any Settlement Class Representative Incentive Payment.

14.     "*Final Approval Order*" means the final judgment and order of dismissal approving the Settlement and dismissing the Action with prejudice, which the parties agree to propose in the form attached hereto as <u>Exhibit 2</u>. "Final Approval" occurs on the date that the Court enters the Final Approval Order.

15.     "*Notice*" means the notices of proposed class action settlement that the Parties will ask the Court to approve in connection with the motion for Preliminary Approval of the Settlement, substantially in the form attached hereto as <u>Exhibit 3</u>.

16.     "*Notice and Administration Costs*" means any and all costs associated with Claims administration and administering the Settlement by the Claims Administrator, including, but not limited to, mailing costs, printing costs, taxes and tax-related expenses incurred by or in connection with handling the Settlement Funds, all costs of providing notice to the Settlement Class, costs for creating the Notice, Website Notice, and any different or additional notice that might be ordered by the Court and any other costs associated with administering the Settlement. Class Counsel estimates that no more than $10,000 should be necessary for the Notice and Administration Costs. Any additional costs, if any, will not be paid by Pret.

17.     "*Notice Deadline*" means the date the Court sets for Notice to be provided to the Settlement Class in accordance with the Agreement.  The Parties agree to propose that the Notice Deadline will be 14 days following the entry of the Preliminary Approval Order, unless extended by the Court.

18.     "*Opt-Out Request*" means a request by a Settlement Class Member to exclude himself or herself from the Settlement Class using the procedures set forth in this Agreement.

19.     "*Opt-Out/Objection Period*" means the period that begins the day after the earliest date on which the Notice is first sent, and ends 60 days after mailing of the Notices to putative class members, or such other date as the Court determines. The deadline for the Opt-Out Period and Objection Period will be specified in the Notice.

20.     "*Parties*" means Kayla Quarles and Pret a Manger (USA) Limited.

21.     "*Plaintiff*" means Kayla Quarles.

22.     "*Preliminary Approval Order*" means the order certifying the Settlement Class and preliminarily approving the Settlement, which the parties agreed to propose in the form attached as <u>Exhibit 4</u>.  "Preliminary Approval" occurs on the date the Court enters the Preliminary Approval Order.

23.     "*Release*" means the release contained in this Agreement.

24.     "*Released Claims*" means all claims to be released as set forth in the Release.

25.     "*Released Parties*" means and refers to Pret A Manger (USA) Limited and respective affiliated persons and entities, which include, but are not limited to, estates, trusts, trustees, executors, administrators, beneficiaries, landlords, licensees, lessors, lessees, sub-lessees, tenants, joint venturers, partners, limited partners, owners, employees, attorneys, agents, officers, directors,

managers, members, shareholders, successors, predecessors, parents, indirect or direct subsidiaries, divisions, affiliates, management companies, insurers, re-insurers and individuals; vendors and any other entity or person affiliated with any of the entities or persons in this Paragraph, which Plaintiff or any Settlement Class Member claims, might claim, or could have claimed to be liable in any court or administrative proceeding.

26. "*Releasing Settlement Class Members*" means Plaintiff and all Settlement Class Members, other than those who submit timely and proper Out-Out Requests, and each of their respective executors, representatives, heirs, spouse, partners, predecessors, assigns, beneficiaries, successors, bankruptcy trustees, agents, attorneys, and all those who claim through them or on their behalf.

27. "*Settlement*" means the compromise and settlement of the Action as contemplated by this Agreement.

28. "*Settlement Award*" means a cash payment that may be available to eligible Settlement Class Members who do not timely opt-out of the Settlement.

29. "*Settlement Class*" means the individuals defined and identified as follows:

All individuals employed by Defendant Pret a Manger (USA) Limited and any other related entities in the State of Illinois who logged onto, interfaced with, or used any software, systems, or devices that used the individual's finger, hand, or any biometric identifier of any type ("Biometric Systems") in Illinois, including any employee of the above entities who has a claim under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, et seq., during the statutory period of November 4, 2015 through the date of preliminary approval.

The following are excluded from the Settlement Class: (1) the district and magistrate judges presiding over this case; (2) the judges of the Seventh Circuit; (3) the immediate families of the preceding person(s); (4) any Released Party; and (5) any Settlement Class Member who timely opts out of this Action.

30. "*Settlement Class Members*" means the Settlement Class Representative and all members of the Settlement Class, which is estimated to be 797 persons.

31. "*Settlement Class Representative*" means Kayla Quarles, who is the Plaintiff in the Action, and who is also the person who Class Counsel shall request to be appointed by the Court as Class Representative for purposes of the Settlement Class. Plaintiff is also a member of the Settlement Class.

32. "*Settlement Class Representative Incentive Payment*" means the additional amount Plaintiff may request she be paid as Class Representative under this Agreement.

33. "*Settlement Effective Date*" means the business day after the last of the following occurrences:

A. Expiration of the date to appeal entry of the Final Approval Order with no appeal or other judicial review having been taken or sought; or

B. If an appeal or other judicial review has been taken or sought on this Action, the latest of: (i) the date the Final Approval Order is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review; or (ii) the date the appeal(s) or other judicial review therefrom are finally dismissed with no possibility of subsequent appeal or other judicial review; or (iii) if remanded to the District Court or to a lower appellate court following an appeal or other review, the date the Final Approval Order is entered by the District Court after remand and the time to appeal or seek other judicial review of the entry of that Final Approval Order has expired with no further appeal or other judicial review having been taken or sought. If further appeal is sought after a remand, the time periods in this Sub-Section shall apply.

34. "*Settlement Costs*" means all costs incurred by Plaintiff, Class Counsel, and the Claims Administrator in connection with the Action, including and limited to: (i) the Attorneys' Fees and Litigation Expenses approved by the Court; (ii) any Settlement Class Representative Incentive Payment approved by the Court; (iii) Notice and Administration Costs; and (iv) the fees, expenses, and all other costs of the Claims Administrator.

35. "*Settlement Funds*" means the $677,450.00 to be provided by Defendant pursuant to this Agreement, for purposes of paying the Settlement Awards and Settlement Costs, as the foregoing are defined herein; provided, however, if Pret's records that seven hundred ninety-seven (797) employees in Illinois utilized the Biometric Systems at issue during the statutory period through the date of preliminary approval is in error, and the number of additional employees exceeds 2% or more of the 797 employees reflected in Pret's records, or 16 or more additional employees, then the amount of the Settlement Funds shall increase by One Thousand Dollars ($1,000) for each additional employee.

36. "*Settlement Website*" means the website created and managed by the Claims Administrator which will provide Settlement Class Members with access to the Notice, the online Claim Form, and other information regarding the Settlement. The parties agree that the following URL will be used: www.PAMIllinoisSettlement.com.

37. **"*Website Notice*"** means the long form notice provided pursuant to this Agreement, substantially in the form attached hereto as <u>Exhibit 5</u>. The Website Notice will be posted on the "Settlement Website."

Capitalized terms used in this Agreement but not defined above shall have the meaning ascribed to them in this Agreement, including the attached exhibits.

### III.    RECITALS

1. Plaintiff filed the Action on behalf of herself and on behalf of the putative class alleging that Defendant violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 et seq.

2. On December 14, 2020, the district court denied Defendant's motion to stay this case pursuant to various pending appeals.

3. On April 26, 2021, the district court entered a memorandum opinion and order denying Defendant's motion to dismiss.

4.      After the exchange of discovery, the Parties participated in private mediation with the Honorable Morton Denlow of JAMS on August 23, 2021. After a full day mediation the Parties were able to reach a settlement in principle.

5.      Plaintiff and Class Counsel believe this Action is meritorious. Class Counsel thoroughly investigated the case and diligently pursued Plaintiff's and the Settlement Class Members' claims against Defendant, including, but not limited to: (i) conducting written discovery; (ii) briefing the motion to stay; (iii) obtaining and analyzing relevant documents and class data; (iv) researching the applicable law and the potential defenses; and (v) briefing the emotion to dismiss.  Based on their full, independent investigation and evaluation, Class Counsel are of the opinion that the Settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class Members in light of all known facts and circumstances, including the risk of significant delay, the defenses raised by Defendant, class certification risk, summary judgment risk, the risk associated with potential changes in the applicable law, trial risk and appellate risk.

6.      Defendant denies any liability or wrongdoing of any kind associated with the claims alleged, and assert their actions comply with all applicable provisions of federal and state law, that in any event they are not liable for any of the claims asserted. Defendant also continues to assert the Action fails to meet the prerequisites necessary for class action treatment under applicable law but, despite this belief, they will not oppose certification of the Settlement Class contemplated by this Agreement solely for purposes of effectuating this Settlement. Other than for purposes of this Settlement, Defendant do not waive their objections to certification of the Settlement Class.

7.      The parties contemplate that entry of the Final Approval Order shall dismiss with prejudice Plaintiff's and the Settlement Class Members claims against Defendant and the Released Parties, with the exception of claims of Settlement Class Members who properly exclude themselves from the Settlement, if any, in accordance with the Opt-Out Process described in Section IX of this Agreement. Defendant shall retain any existing defenses to such excluded claims. The Parties agree to cooperate in good faith and take all steps reasonable and appropriate to obtain preliminary and final approval of this Settlement, and to effectuate its terms.

8.      Each of these Recitals is incorporated into this Agreement as if fully set forth herein.

## IV.     CERTIFICATION OF THE SETTLEMENT CLASS

1.      The Settlement contemplates Plaintiff will move for an order granting certification of the Settlement Class. The Parties agree certification of the Settlement Class is conditional and for settlement purposes only.  This Settlement further contemplates, and all counsel, Parties and Released Parties agree that none of the Released Parties are admitting that class certification is appropriate, or that any violation of any state, federal or local statute or common law occurred, or that any damages were suffered by Plaintiff or any putative class member.  The Released Parties retain their rights to object to certification of this Action, or any other class action, should the Settlement ultimately not receive final approval.

2.      If the Court does not grant final approval of the Settlement, or if final approval is granted but ultimately reversed on appeal, or if the Settlement Effective Date does not occur, the certification of the Settlement Class for settlement purposes shall be deemed null and void, and

each Party, and Released Party, shall retain all of their respective rights as they existed prior to Execution of this Agreement, and neither this Settlement Agreement, nor any of its accompanying exhibits or any orders entered by the Court in connection with this Settlement Agreement, may be admissible or used for any purpose in this Action, or any other action against any of the Released Parties. Certification of the Settlement Class for settlement purposes is in no way an admission by the Released Parties that class certification is proper.

## V.    SETTLEMENT CLASS

1.    All individuals employed by Defendant Pret a Manger (USA) Limited and any other related entities in the State of Illinois who logged onto, interfaced with, or used any software, systems, or devices that used the individual's finger, hand, or any biometric identifier of any type ("Biometric Systems") in Illinois, including any employee of the above entities who has a claim under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, et seq., during the statutory period of November 4, 2015 through the date of preliminary approval.

The following are excluded from the Settlement Class: (1) the district and magistrate judges presiding over this case; (2) the judges of the Seventh Circuit; (3) the immediate families of the preceding person(s); (4) any Released Party; and (5) any Settlement Class Member who timely opts out of this Action.

**TERMS OF SETTLEMENT**

1.    ***Settlement Funds.***  Subject to the other terms and conditions of this Agreement, and subject to Court approval, within fourteen (14) days of the entry of a Final Approval Order and receipt of Claims Administrator instructions and a Form W-9 for the Claims Administrator, Defendant agrees to pay the balance of the Settlement Funds of SIX HUNDRED SEVENTY SEVEN THOUSAND FOUR HUNDRED AND FIFTY DOLLARS ($677,450.00) to settle the Action with the Plaintiff Kayla Quarles and the other Settlement Class Members pursuant to this Agreement. These Settlement Funds will be used to pay the Settlement Awards and Settlement Costs, as described in this Agreement. Settlement Class Members will be eligible for a cash payment (the Settlement Award), the amount of which depends upon the total amount of the Settlement Costs. The $10,000 paid after Preliminary Approval for Notice and Administration Costs will be credited against the Settlement Funds such that the Settlement Funds represent the total extent of Defendants' and the Released Parties' monetary obligations under the Settlement. In no event will Defendant's and the other Released Parties' payment obligations exceed the $677,450.00 payment comprising the Settlement Funds. The Settlement Funds will be used to satisfy all claims of Plaintiff and the Settlement Class Members in exchange for the comprehensive release and the covenants set forth in this Agreement, including, without limitation, a full, fair, and complete release of all Released Parties from Released Claims, and dismissal of the Action with prejudice.

2.    ***Notice and Administration Costs.***  Notice and Administration Costs shall be paid from the Settlement Funds, and from no other source. The Parties shall be jointly responsible for supervising the Claims Administrator.

3.      ***Attorneys' Fees and Litigation Expenses.***  Attorneys' Fees and Litigation Expenses approved by the Court shall be paid from the Settlement Funds, and from no other source. Class Counsel shall apply to the Court for an award of reasonable Attorneys' Fees and Litigation Expenses. The Claims Administrator shall pay to Class Counsel the amount of the Attorneys' Fees and Litigation Expenses awarded by the Court, as directed by Class Counsel. In the event the Court does not approve the award of Attorneys' Fees and Litigation Expenses requested by Class Counsel, or the Court awards Attorneys' Fees and Litigation Expenses in an amount less than that requested by Class Counsel, such decision shall not affect the validity and enforceability of the Settlement. Plaintiff and Class Counsel retain their right to appeal any decision by the Court regarding the award of Attorneys' Fees and Litigation Expenses.

4.      ***Settlement Class Representative Incentive Payment.***  Any Settlement Class Representative Incentive Payment shall be paid from the Settlement Funds, and from no other source. Plaintiff may apply to the Court for a Settlement Class Representative Incentive Payment for the Settlement Class Representative (in addition to any *pro rata* distribution she may receive under this Agreement). The Claims Administrator shall pay Plaintiff, c/o Class Counsel, the amount of incentive payment awarded by the Court. The denial by the Court of any such application shall not affect the validity and enforceability of the Settlement. Plaintiff retains his right to appeal any decision by the Court regarding the application.

5.      ***Settlement Award to Settlement Class Members.***  The Claims Administrator will manage the notice process in cooperation with Class Counsel and Defendant, and in accordance with this Agreement. All Settlement Class Members who do not opt-out shall be paid by check a *pro rata* share of the Settlement Funds after Settlement Costs are deducted.

## VI.  NOTICE TO THE CLASS

1.      Within seven (7) days of the Court's entry of the Preliminary Approval Order, Defendant shall produce the Class List to Claims Administrator.

2.      The Claims Administrator shall implement the notice program, as set forth in this Section and directed by the Court. The Claims Administrator shall, by the Notice Deadline, provide:

A.  ***Notice.*** The Class Administrator shall provide direct notice via U.S. First Class Mail to each Settlement Class Member.  Notice shall be by way of a postcard and shall contain a claim ID and shall direct recipients to the Settlement Website. Prior to mailing the Notice, the Claims Administrator shall search for updated addresses via the USPS national change of address database. The Claims Administrator shall re-mail once any Notice returned as undeliverable and for which an alternative address can be located, and undertake reasonable means to locate alternative addresses for returned notices.

B.  ***Website Notice.***  The Claims Administrator will establish and maintain a Settlement Website dedicated to the Settlement, on which will be posted the Website Notice, a copy of this Agreement, the Preliminary Approval Motion and Order, the operative Complaint, and the Motion for an award of Attorneys' Fees and Expenses. This  document shall be available on the Settlement Website promptly following entry of the Preliminary Approval Order and remain until after the stale date of the Settlement Awards. The Settlement

Website shall allow Settlement Class Members to update their contact information. The Claims Administrator shall secure the URL www.PAMIllinoisSettlement.com for the Settlement Website, or, if unavailable, shall secure another URL mutually agreed upon by the Parties or determined by the Court.

## VII.   CAFA NOTICE

1.      Pursuant to 28 U.S.C. §1715(b), Defendant shall provide CAFA Notice to the appropriate governmental authorities no later than the end of the ten (10) day period provided by CAFA. Unless otherwise ordered, this Settlement shall be deemed "filed" pursuant to 28 U.S.C. §1715(b) upon entry of the Preliminary Approval Order.

## VIII.   OPT-OUT PROCESS

1.      A Settlement Class Member who wishes to exclude himself or herself from this Settlement, and from the Release pursuant to this Settlement, shall submit a written Opt-Out Request to the Claims Administrator at the address designated in the Notice no later than the Opt-Out/Objection deadline. Opt-Out Requests must: (i) be timely submitted by the Opt-Out/Objection deadline; (ii) be signed by the person in the Settlement Class who is requesting to be excluded from the Settlement Class; (iii) include the name and address of the person in the Settlement Class requesting exclusion; and (iv) include a statement or words to the effect of the following: "I request to be excluded from the settlement in the Quarles v Pret A Manger action, and understand that by doing so I will not be entitled to receive any of the benefits from the settlement." No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

2.      The Claims Administrator shall maintain a list of persons who have submitted Opt-Out Requests and shall provide such list to the Parties upon written request.

## IX.      OBJECTION PROCESS

1.      A Settlement Class Member who wishes to object to any matter concerning the Settlement must notify the Court and the parties' counsel of his or her objection, in writing, on or before the Opt-Out/Objection deadline, or other deadline set by the Court.

2.      To state a valid objection to the Settlement, an objecting Settlement Class Member must personally sign the objection and provide the following information with it:  (i) full name, current address, and current telephone number; (ii) documentation sufficient to establish membership in the Settlement Class; (iii) a statement of reasons for the objection, including the factual and legal grounds for the objector's position; and (iv) copies of any other documents the objecting Settlement Class Member wishes to submit in support of his/her/its position.

3.      Subject to approval of the Court, an objecting Settlement Class Member may, but does not need to, appear in person or by counsel at the Final Approval Hearing. To do so, the objecting Settlement Class Member must file with the Court, and serve on all counsel designated in the Notice, a notice of intention to appear by the Opt-Out/Objection deadline, or other deadline set by the Court. The notice of intention to appear must include copies of any papers, exhibits, or other

evidence that the objecting Settlement Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing. Unless otherwise ordered by the Court, any Settlement Class Member who does not timely provide a notice of intention to appear in conformance with the requirements set out in the Notice and Website Notice, and who has not timely filed an objection in accordance with the requirements set out in the Notice and Website Notice, will be deemed to have waived any objection to the Settlement and can be barred from presenting any views at the Final Approval Hearing.

## X.    DISTRIBUTION PROCESS

1.    The timing of Defendant's payment of the Settlement Funds is:

> A. Within 14 days after the Court enters the Preliminary Approval Order, Defendant shall transfer $10,000 for the Notice and Administration Costs to the Claims Administrator, which amount will be created against the Settlement Fund. In the event that the Settlement Effective Date does not occur, any amounts actually used by the Claims Administrator for notice and administration shall not be refundable to Defendant. If, however, Defendant has paid monies for Notice and Administration Costs which have not been used by the Claims Administrator, those amounts not used by the Claims Administrator shall be refunded to Defendant.

> B. Within 14 days after the Settlement Effective Date, Defendant shall pay the remainder of the Settlement Funds to the Claims Administrator. Class Counsel shall instruct the Claims Administrator as to whom the Attorneys' Fees and Litigation Expenses and any Settlement Class Representative Incentive Payment should be distributed. Defendant shall not, under any circumstances or for any reason, be obligated to pay any amounts in addition to the Settlement Funds in connection with the Settlement.

2.    ***Settlement Award Payments.*** Settlement Awards shall be paid by check. Within thirty (30) days after the Settlement Effective Date, the Claims Administrator shall send the Settlement Award along with an applicable 1099 to each eligible Settlement Class Member. The Claims Administrator shall undertake reasonable means to locate current addresses for all returned checks. Checks will be valid for ninety (90) days from the date on the check. The amounts of any checks that remain uncashed more than ninety (90) days after the date on the check will be included as part of a Subsequent Distribution (as defined below).

3.    ***Subsequent Distribution.*** If, after the expiration date of the checks distributed pursuant to Section XI.2 above, there remains money in the Settlement Fund sufficient to pay at least $5.00 to each Settlement Class Member who cashed their initial Settlement Award check, that remaining money will be distributed on a *pro rata* basis to those Settlement Class Members who cashed their initial Settlement Award checks (the "Subsequent Distribution"). The Subsequent Distribution shall be made within ninety (90) days after the expiration date of the checks distributed pursuant to Section XI.2 above, and shall be paid in the same manner as the original Settlement Award. Checks issued pursuant to the Subsequent Distribution will be valid for sixty (60) days from the date on the check. If there is not enough money to pay at least $5.00 to each Settlement Class Member who cashed their initial Settlement Award check, or if any checks from the subsequent

distribution remain uncashed after the stale date, those funds shall be distributed to the following cy pres: the Electronic Privacy Information Center, subject to court approval.

## XI.    RELEASE

1.    Subject to the Court's final approval of the Settlement, and for good and valuable consideration set forth herein, the receipt and sufficiency of which is hereby acknowledged, all Settlement Class Members who do not timely opt-out of the Settlement Agreement, and all their respective heirs, assigns, executors, administrators, and agents, past or present, fully and without limitation release and discharge each and every Released Party from any and all claims, rights, demands, liabilities, and/or causes of action of every nature and description, whether known or unknown, which relate in any way to information that is or could be protected under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 et seq., or any other similar state, local, or federal law, regulation, or ordinance, or common law, regarding the use, collection, capture, receipt, maintenance, storage, transmission, or disclosure of biometric identifiers that Settlement Class Members claim, might claim, or could have claimed in any court or administrative proceeding. This Release includes, without limitation, statutory, constitutional, contractual, and/or common law claims for damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs and interest, restitution, or equitable relief to the extent permitted by applicable law for all periods up to and including the date of Final Approval (the "Released Claims").

Also subject to the Court's final approval of the Settlement, and for good and valuable consideration set forth herein, the receipt and sufficiency of which is hereby acknowledged, Plaintiff Kayla Quarles releases and discharges each and every Released Party from the Released Claims described above as well as from any and all claims, rights, demands, liabilities, and/or causes of action of every nature and description, whether known or unknown, including but not limited to Title VII of the Civil Rights Act of 1964, as amended; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; The Genetic Information Nondiscrimination Act of 2008 (GINA); The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan); The Civil Rights Act of 1991; The Immigration Reform and Control Act; The Americans with Disabilities Act of 1990 and amendments thereto; The Family and Medical Leave Act; The Equal Pay Act; The Fair Labor Standards Act, Illinois Minimum Wage Law, Illinois Wage Payment and Collection Act, and all state or local wage laws or any allegation for costs, fees, interest, or other expenses including attorneys' fees incurred in any matter; or any and all claims for bonuses, commissions or any claims for incentive compensation of any type, whether under common law or policy or contract, and any other federal, state or local human rights, civil rights, wage-hour, pension or labor laws, rules and/or regulations, public policy, any and all claims that were asserted or that could have been asserted in the Action, any claim for breach of contract or tort laws, or any claim arising under statute or under common law, such as claims for malicious prosecution, misrepresentation, defamation, false imprisonment, libel, slander, invasion of privacy, negligence, claims based on theories of strict liability or *respondeat superior*, infliction of emotional distress, or otherwise, or any other action or grievance against the Released Parties based upon any conduct occurring up to and including the date of the Court's Final Approval Order.  Plaintiff Quarles irrevocably waives any right to monetary recovery from the Released Parties, whether sought directly by her or in the event any administrative agency or other public authority, individual, or group of individuals should pursue any claim on their behalf.

Notwithstanding any other provision of this Settlement Agreement, this release does not (i) waive or release any claim for breach or enforcement of this Settlement Agreement; (ii) waive or release any right or claim that may not be waived or released by applicable law; or (iii) prevent Plaintiff Quarles from pursuing any administrative claim for unemployment compensation or workers' compensation benefits. Nothing in this Settlement Agreement precludes Plaintiff Quarles from (i) reporting to, responding to an inquiry from, filing a charge or complaint with, communicating with or providing information to, contacting, or cooperating with an investigation conducted by, the Equal Employment Opportunity Commission, the Department of Labor, the National Labor Relations Board, the Occupational Safety and Health Administration, the Securities and Exchange Commission, or any other federal, state, or local governmental agency, commission, or regulatory body, but Plaintiff Quarles hereby waives any right to monetary compensation from the Released Parties for such actions of filings; (ii) providing information about this Settlement Agreement to her spouse, attorney, accountant, tax advisor (if any) and applicable state and federal taxing authorities; (iii) making disclosures or giving truthful testimony as required by law or valid legal process (such as by a subpoena or administrative order); or (iv) engaging in any concerted or other legally-protected activities.

2. Releasing Settlement Class Members understand and agree that the release of the Released Claims is a full and final release. Releasing Settlement Class Members acknowledge the facts could be different than they now know or suspect to be the case, but they are nonetheless releasing all Released Claims.

3. Subject to the Court's final approval of the Settlement, and for good and valuable consideration set forth herein, the receipt and sufficiency of which is hereby acknowledged, as discussed above, Plaintiff releases and discharges each and every Released Party from any and all claims, rights, demands, liabilities, and/or causes of action of every nature and description, whether known or unknown arising for all periods through the date of the Court's Final Approval Order.

4. The Parties acknowledge that this Settlement, including the releases provided in this Section, reflects a compromise of disputed claims.

5. The Final Approval Order shall dismiss the Action with prejudice and shall incorporate the terms of this release.

6. Final Approval of this Settlement Agreement will settle and resolve with finality on behalf of the Plaintiffs and the other Settlement Class Members, the Action and the Released Claims against the Released Parties by the Plaintiff and the other Settlement Class Members in the Action. As of the Settlement Effective Date, the Settlement Agreement and the above-described release of the Released Claims will be binding on, and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members who did not validly and timely exclude themselves from the Settlement, and their respective predecessors, successors, affiliates, spouses, heirs, executors, administrators, agents and assigns of each of the foregoing, as set forth in the Settlement Agreement, and the Released Parties may file the Settlement Agreement and/or Final Approval Order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or

reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

## XII.   DUTIES OF THE PARTIES WITH RESPECT TO OBTAINING PRELIMINARY APPROVAL

1.      Class Counsel shall apply to the Court for the entry of an order requesting the following relief:

A.  Preliminarily approving the Settlement;

B.   Conditionally certifying the Settlement Class for settlement purposes in accordance with applicable legal standards and this Agreement;

C.  Approving the form and content the proposed Notice, and plan for its distribution;

D. Scheduling a fairness hearing on the question of whether the proposed Settlement should be finally approved as fair, reasonable, and adequate;

E.  Formally appointing Class Counsel as class counsel;

F.  Approving Plaintiff as Settlement Class Representative;

G. Approving the Claims Administrator; and

I.  Setting the Notice Deadline, Objection Deadline, and Opt Out Period.

## XIII.  DUTIES OF PARTIES FOLLOWING PRELIMINARY COURT APPROVAL

1.      Following Preliminary Approval of the Settlement, and no later than the filing of the motion for final approval, Class Counsel will submit a proposed Final Approval Order in substantially the form attached hereto as Exhibit 2, except as otherwise required by the Court.

## XIV.  MUTUAL FULL COOPERATION

1.      The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to execution of all necessary documents, and to take such other action as may be needed to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court or otherwise, to effectuate the terms of this Settlement. As soon as practicable after Execution of this Settlement, Class Counsel shall, with the reasonable assistance and cooperation of Defendant and its counsel, take all reasonable and necessary steps to secure the Court's Final Approval Order.

## XV.   CONDITIONS FOR TERMINATING THE AGREEMENT

1.      In the event that this Settlement is not approved, or if for any reason the Settlement Effective Date does not occur, the Settlement Agreement shall be deemed null, void, and unenforceable and shall not be used nor shall it be admissible in any subsequent proceedings either

in this Court or in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or other proceeding, and the Parties shall return to their respective positions prior to the Court's consideration of this Settlement. However, the parties may agree to seek approval of an amended version of the Settlement.

2.      In the event that the Court does not approve the Attorneys' Fees and Litigation Expenses in the amount requested by Class Counsel, or in the event that the Attorneys' Fees and Litigation Expenses requested by Class Counsel is reduced, that finding shall not be a basis for rendering the entire Settlement Agreement null, void, or unenforceable.  Class Counsel retains their right to appeal any decision by the Court regarding the Attorneys' Fees and Litigation Expenses.

3.      In the event that more than 5% of the persons in the Settlement Class validly and timely submit Opt-Out Requests, Defendant, in their sole and absolute discretion, may terminate this Agreement.

## XVI.   SIGNATORIES' AUTHORITY

1.      The respective signatories to this Agreement each represent that they are fully authorized to enter into this Settlement on behalf of the respective Parties for submission to the Court for preliminary and final approval.

## XVII.   NO PRIOR ASSIGNMENTS

1.      The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Settlement.

## XVIII. NOTICES

1.      Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given: (i) on the date given, if given by hand delivery; (ii) within one (1) business day, if sent by overnight delivery services such as Federal Express or similar courier; (iii) on the third business day after mailing by United States registered or certified mail, return receipt requested, or (iv) on the day received for delivery by e-mail. All notices given under this Agreement shall be addressed as follows:

A. To the Class:

Keith J. Keogh
Greg M. Barbakoff
Keogh Law, LTD.
55 W. Monroe St., Ste. 3390
Chicago, IL 60603
keith@keoghlaw.com
gbarbakoff@keoghlaw.com

B. To Defendant

> Jaime L. Filipovic
> Matthew E. Szwajkowski
> O'HAGAN MEYER LLC
> One East Wacker Dr., Suite 3400
> jfilipovic@ohaganmeyer.com
> mszwajkowski@ohaganmeyer.com

## XIX.   MISCELLANEOUS PROVISIONS

1.      ***Construction***.  The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this agreement shall not be construed in favor of or against any party by reason of the extent to which any party or his or its counsel participated in the drafting it.

2.      ***Captions and Interpretations***. Paragraph titles or captions contained in this Agreement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision of this Agreement. Each term of this Agreement is contractual and not merely a recital.

3.      ***Modification***.  This Agreement may not be changed, altered, or modified, except in a writing signed by the Parties. Any such modification is subject to Court approval.

4.      ***Integration Clause***.  This Agreement, the exhibits hereto, and any other documents delivered pursuant hereto contain the entire agreement between the Parties relating to the resolution of the Action, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged in this Agreement. No rights under this Settlement may be waived except in writing and signed by the Party against whom such waiver is to be enforced.

5.      ***Binding on Assigns***.  This Settlement shall be binding upon, and inure to the benefit of, the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

6.      ***Counterparts***.  This Agreement may be executed by facsimile signature and in any number of counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one and the same Agreement, which shall be binding upon and effective as to all Parties.

7.      ***Disagreements***.  The Parties agree the Court shall resolve any disagreements over the meaning or implementation of this Agreement or the Settlement.

8.      ***Applicable Law***.  This Agreement shall be governed by Illinois law without regard to its choice of law or conflicts of law principles or provisions.

**REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK**

ACCEPTED AND AGREED:

_____
Kayla Quarles (Jan 11, 2022 14.13 CST)
Kayla Quarles

Jan 11, 2022
_____
Date

APPROVED AS TO FORM:

_____
Counsel for Plaintiff and the Class
Keith J. Keogh
KEOGH LAW, LTD.

Jan 12, 2022
_____
Date

ACCEPTED AND AGREED:

_____          _____
Pret a Manger (USA) Limited          Date
By: Andrea Wareham
Title: Chief People Officer

APPROVED AS TO FORM:

_____          _____
Counsel for Defendant                Date
Jaime L. Filipovic
O'HAGAN MEYER LLC

**Signature:** *Jamie Filipovic*
Jamie Filipovic (Jan 12, 2022 15:56 CST)

**Email:** jfilipovic@ohaganmeyer.com

ACCEPTED AND AGREED:


_____          _____
Pret a Manger (USA) Limited                Date
By: Andrea Wareham
Title: Chief People Officer


APPROVED AS TO FORM:


_____          _____
Counsel for Defendant                      Date
Jaime L. Filipovic
O'HAGAN MEYER LLC

**Signature:** *Andrea Wareham*
        Andrea Wareham (Jan 12, 2022 15:48 GMT)
**Email:** andrea.wareham@pret.com

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KAYLA QUARLES, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | Case No. 20-cv-7179 |
| Plaintiffs, | ) | |
| v. | ) | Hon. Manish S. Shah |
| | ) | Presiding Judge |
| PRET A MANGER (USA) LIMITED, | ) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] ORDER GRANTING
FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

The Court having held a final approval hearing on _____, 2022, notice of the hearing and the Settlement having been duly given in accordance with this Court's order (1) preliminarily approving Settlement, (2) certifying the Settlement Class, (3) approving notice plan and (4) setting the final approval hearing, and having considered all matters submitted at the final approval hearing and otherwise, and finding no just reason for delay in entry of this final order

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.      The Settlement Agreement dated _____ ___, 202_, including its Exhibits (the "Agreement"), and the definition of words and terms contained therein, are incorporated by reference and are used hereafter. The terms and definitions of this Court's Preliminary Approval Order (ECF No.___) are also incorporated by reference into this Final Approval Order.

2.      This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), and personal jurisdiction over Defendant Pret a Manger (USA) Limited ("Pret") and the Settlement Class Members, certified in the Court's preliminary approval order, who did not timely request exclusion.

1

121416

3.      The Court hereby finds that the Agreement is the product of arm's length settlement negotiations between Plaintiff and Pret, supervised by a well-qualified JAMS mediator, the Honorable Morton Denlow.

4.      The Court hereby finds Notice of the Settlement was disseminated to persons in the Settlement Class in accordance with the Court's preliminary approval order, was the best notice practicable under the circumstances, and that the Notice satisfied Federal Rule 23 and due process.

5.      [There were no objections to the Agreement] [*or*] [For the reasons stated on the record, as well as the reasons set forth in Plaintiff's and Pret's submissions, the Court overrules all objections to the Agreement.]

6.      The Court hereby finally approves the Agreement, finding it fair, reasonable and adequate as to all members of the Settlement Class in accordance with Federal Rule 23.

7.      The Court hereby finally certifies the Settlement Class for settlement purposes. The Court finds for settlement purposes that the Settlement Class satisfies all the requirements of Federal Rule 23.

8.      The Court hereby approves the plan of distribution for the Settlement Fund as set forth in the Agreement. The Claims Administrator is hereby ordered to comply with the terms of the Agreement with respect to satisfaction of claims, and any remaining funds.

9.      As of the Effective Date, the Plaintiff and every Settlement Class Member hereby releases all Released Parties from the Released Claims, as stated in the Agreement.

10.     This Final Approval Order will settle and resolve with finality on behalf of the Plaintiffs and the Settlement Class, the Action and the Released Claims against the Released Parties by the Plaintiff and the other Settlement Class Members in the Action. As of the Effective Date, the Agreement and the above-described release of the Released Claims will be binding on,

and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members who do not validly and timely exclude themselves from the Settlement, and their respective predecessors, successors, affiliates, spouses, heirs, executors, administrators, agents and assigns of each of the foregoing, as set forth in the Agreement, and the Released Parties may file the Agreement and/or the Final Approval Order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.     Class Counsel has moved, pursuant to FED. R. CIV. P. 23(h) and 52(a), for an award of attorneys' fees and reimbursement of expenses. Pursuant to Federal Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

(a)     The Settlement confers substantial benefits on the members of the Settlement Class;

(b)     The value conferred on the Settlement Class is immediate and readily quantifiable, in that members of the Settlement Class will receive cash payments that represent a significant portion of the damages available to them were they to prevail in an individual action under the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA");

(c)     Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

(d)     The Settlement was obtained as a direct result of Class Counsel's advocacy;

3

(e)     The Settlement was reached following extensive negotiations between Class Counsel and Counsel for Pret, supervised by a well-qualified JAMS mediator, and was negotiated in good-faith and without collusion;

(f)     Members of the Settlement Class were advised in the Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees equal to a third of the Settlement Funds in the amount of $_____, plus expenses, to be paid from the Settlement Funds;

(g)     A copy of Plaintiff's motion for an award of attorneys' fees and expenses and any incentive award was made available for inspection in the Court's file and on the settlement website during the period class members had to submit any objections;

(h)     _____ member(s) of the Settlement Class submitted written objection(s) to the award of attorneys' fees and expenses; and

(i)     Counsel who recover a common fund for the benefit for persons other than themselves for their client are entitled to a reasonable attorneys' fee from the fund as a whole. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Sutton v. Bernard, 5*04 F.3d 688, 691 (7th Cir. 2007) ("the attorneys for the class petition the court for compensation from the settlement or common fund created for the class's benefit").; and accordingly, Class Counsel are hereby awarded $_____ for attorney fees and $_____ for reimbursed expenses from the balance of the Settlement Fund, which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement.

12. The Class Representative, Kayla Quarles, is hereby compensated in the amount of $_____ for her efforts in this case. *See*, *e.g.*, *See Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (recognizing that "because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit"); *In re Synthroid Mkt. Litig.* ("*Synthroid I*"), 264 F.3d 722, (7th Cir. 2001) ("Incentive awards are justified when necessary to induce individuals to become named representatives."); *see also Leung v. XPO Logistics, Inc.,* 326 F.R.D. 185, 205 (N.D. Ill. 2018) (awarding $10,000 incentive award to named plaintiff); *Briggs v. PNC Financial Services Group*, No. 1:15-cv-10447, 2016 U.S. Dist. LEXIS 165560, at *5 (N.D. Ill. Nov. 29, 2016) ($12,500 incentive award for each named plaintiff); *Castillo v. Noodles & Co*., No. 16-cv-03036, 2016 U.S. Dist. LEXIS 178977, at *8 (N.D. Ill. Dec. 23, 2016) (authorizing $10,000 incentive award for each named plaintiff).

13. This Court hereby dismisses this case with prejudice, except the Court retains jurisdiction to supervise the administration of the Settlement, enforce the Agreement, and resolve any disputes relating to the same.

**IT IS SO ORDERED,**
**ADJUDGED AND DECREED.**


Dated: _____      _____
                                       Honorable Manish S. Shah

# EXHIBIT 3

# NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT
THE COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.

### *Quarles v. Pret a Manger (USA) Limited*
**USDC, Northern District of Illinois, Eastern Division Case No. 2020-cv-07179.**

YOU MAY BE ENTITLED TO RECEIVE MONETARY COMPENSATION.

| | |
|---|---|
| **What is this?** | This is notice of a Proposed Settlement in a class action lawsuit. |
| **What is this lawsuit about?** | The Settlement would resolve a lawsuit brought on behalf of a putative class of individuals, alleging Pret a Manger (USA) Limited ("Pret") violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.,* by failing to: (1) obtain its employees' informed written consent before collecting, capturing, or otherwise obtaining their biometric data in connection with Pret's timekeeping system; and (2) implement and adhere to a written policy for permanently destroying Pret's employees' biometric data. Pret denies these allegations and any wrongdoing. The Court has not ruled on the merits of Plaintiff's claims or Pret's defenses. |
| **Why am I getting this notice?** | You were identified as someone who may have had their biometric data collected, captured, or otherwise obtained by Pret. |
| **What does the Settlement provide?** | Pret agreed to pay up to $677,450.00 in Settlement Funds, which will pay for the cost of notice and administration of the settlement, Settlement Class members' claims, attorneys' fees and expenses incurred by counsel for Plaintiff and the Settlement Class ("Class |

121418

| | |
|---|---|
| | Counsel"), and any service award for Plaintiff Kayla Quarles permitted by law. Class Counsel estimates that Settlement Class members will receive a cash award of between $_____ to $_____. Plaintiff will petition for a service award not to exceed $_____ for Plaintiff Quarles's work in representing the Class and Class Counsel's fees up to one third of the settlement fund, not to exceed $_____, plus reasonable expenses. |
| **How can I receive a payment from the Settlement?** | There is nothing you need to do to obtain a payment from the Settlement. Your portion of the settlement funds will be sent to your last known address, along with a 1099 form. |
| **Do I have to be included in the Settlement?** | If you do not want monetary compensation from this Settlement and you want to keep the right to sue, or continue to sue Pret on your own, then you must exclude yourself from the Settlement by sending a letter to the address below requesting exclusion to the Settlement Administrator by _____, 2022. The letter must contain the specific information set forth on the Settlement Website "Opt-Out Process." |
| **If I don't like something about the Settlement, how do I tell the Court?** | If you do not exclude yourself from the Settlement, you can object to any part of the Settlement. You must file your written objection with the Court by _____, 2022, and mail a copy to both Class Counsel and defense counsel. Your written objection must contain the specific information set forth on the Settlement Website. |

| **What if I do nothing?** | If you do nothing, your settlement payment will be issued to your last known address. You will be bound by the Settlement, and you will release Pret from liability. |
|---|---|
| **How do I get more information about the Settlement?** | This notice contains limited information about the Settlement. For more information, to view additional Settlement documents, and to review information regarding your opt-out and objection rights and the final approval hearing, visit www.PAMIllinoisSettlement.com. |

Pret a Manger (USA) Limited BIPA SETTLEMENT
[INSERT CLAIMS ADMIN]
[INSERT CLAIMS ADMIN ADDRESS]

[CLAIM ID IN DIGITS]
[CLAIM ID IN 2D BARCODE]
Postal Service: Please Do Not Mark or Cover Barcode

[FIRST1] [LAST1]
[BUSINESSNAME]
[ADDR1] [ADDR2]
[CITY] [ST] [ZIP]

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KAYLA QUARLES, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | Case No. 20-cv-7179 |
| Plaintiffs, | ) | |
| v. | ) | Hon. Manish S. Shah |
| | ) | Presiding Judge |
| PRET A MANGER (USA) LIMITED, | ) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS, PRELIMINARILY
APPROVING CLASS ACTION SETTLEMENT, AND APPROVING NOTICE PLAN**

This matter came before the Court on Plaintiff's Motion for Preliminary Approval of the proposed class action settlement (the "Settlement"). This case was brought by plaintiff Kayla Quarles ("Quarles" or "Plaintiff"), individually and on behalf of all others similarly situated, against defendant Defendant Pret a Manger (USA) Limited ("Pret"). Based on this Court's review of the Settlement Agreement ("Agreement"), Plaintiff's Motion for Preliminary Approval of Settlement, and the arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1.　　　<u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2.　　　<u>Jurisdiction</u>. The Court has subject matter jurisdiction over this case pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).

3.　　　<u>Preliminary Approval of Proposed Agreement</u>. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court finds that: (a) the Agreement is fair, reasonable and adequate, and within the range of possible approval; (b) the Agreement has been negotiated in good faith at arm's

length between experienced attorneys familiar with the legal and factual issues of this case, and supervised by a well-qualified JAMS mediator, the Honorable Morton Denlow; and (c) the proposed forms and method of distributing notice of the Settlement to the Settlement Class are appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement.

4. <u>Class Certification for Settlement Purposes Only</u>. The Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, certifies the following Settlement Class:

> All individuals employed by Defendant Pret a Manger (USA) Limited and any other related entities in the State of Illinois who logged onto, interfaced with, or used any software, systems, or devices that used the individual's finger, hand, or any biometric identifier of any type ("Biometric Systems") in Illinois, including any employee of the above entities who has a claim under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, et seq., from November 4, 2015 through the date of this Order.

> The following are excluded from the Settlement Class: (1) the district and magistrate judges presiding over this case; (2) the judges of the Seventh Circuit; (3) the immediate families of the preceding person(s); (4) any Released Party; and (5) any Settlement Class Member who timely opts out of this Action.

5. In connection with granting class certification, the Court makes the following preliminary findings:

(a) The Settlement Class includes 797 members, and thus the class is so numerous joinder of all members is impracticable;

(b) There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved, including, but not limited to, Pret captured, collected, and/or obtained the Settlement Class Members' biometric information *via* Pret's timekeeping system, and these questions appear to predominate over any alleged individual questions;

- 2 -

121431

(c)     Plaintiff's claims appear to be typical of the claims of the Settlement Class because she alleges Pret collected, captured, and/or obtained her biometric information without first obtaining informed written consent, and failed to implement and adhere to a publicly-available policy governing the retention and destruction of biometric data;

(d)     Plaintiff and her counsel are adequate to represent the class. Plaintiff appears to have the same interests as the Settlement Class, she does not have any apparent conflict of interest with the Settlement Class, and her attorneys have extensive experience litigating class action cases, including class actions under BIPA;

(e)     Certification of the Settlement Class is the superior method for fairly and efficiently resolving the claims of the Settlement Class.

6.     <u>Class Representative</u>. The Court appoints Kayla Quarles as representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7.     <u>Class Counsel</u>. The Court appoints Keith J. Keogh and Gregg M. Barbakoff as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8.     <u>Settlement Claims Administrator</u>. American Legal Claim Services, LLC. is hereby appointed as the Claims Administrator. The Claims Administrator shall be responsible for providing notice of the Settlement ("Notice") to the Settlement Class as provided in the Agreement and this Order, as well as services related to administration of the Settlement.

9.     <u>Class Notice</u>. The Class Administrator shall provide Notice via First Class Mail in accordance with the Agreement.

10.     <u>Opt-Outs and Objections</u>. Persons in the Settlement Class who wish to object to the Settlement or request exclusion from the Settlement Class, must do so in accordance with the Notice. A class member who opts out may not also submit an objection, unless the class

- 3 -

member confirms their intent to withdraw their opt-out in writing by no later than the opt-out deadline.

11.     <u>Claims Administrator to Maintain Records</u>. The Claims Administrator shall maintain copies of all objections, and opt-outs received. The Claims Administrator shall provide copies of all objections and opt-outs to the parties.

12.     <u>Objections to the Settlement</u>.  Any Settlement Class Member who wishes to be heard orally at the Final Approval Hearing, or who wishes for any objection to be considered, must file a written notice of objection in accordance with the Notice, Agreement, and this Order. To be considered, the objection: (A) must be personally signed by the objecting class member, (B) it must include (i) the class member's full name, current address, and current telephone number; (ii) documentation sufficient to establish membership in the Settlement Class; (iii) a statement of reasons for the objection, including the factual and legal grounds for the objector's position; and (iv) copies of any other documents the objecting Settlement Class Member wishes to submit in support of his/her/its position, and (C) it must be filed with the Court and sent to Plaintiff's and Defendant's counsel as stated in the Notice, by no later than the Opt-Out and Objection deadline stated below. Objections that are untimely or do not include the required information above shall be deemed waived.

13.     <u>Appearing at Final Approval Hearing</u>. An objecting Settlement Class Member does not need to appear in at the Final Approval Hearing, but may do so by filing a notice of intention to appear in accordance with the Notice, Agreement, and this Order no later than the Opt-Out and Objection deadline below.

14.     <u>Reasonable Procedures to Effectuate the Settlement</u>. Unless otherwise ordered by the Court, the parties are authorized to use all reasonable procedures in connection with

approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making minor changes to the form or content of the Notice or exhibits to the Agreement they agree are reasonable and necessary.

15.    Final Approval Hearing.  At the date and time provided below, or at such other date and time later the Court sets, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (a) final approval of the Settlement embodied by the Agreement should be granted, and (b) Class Counsel's application for an award of attorneys' fees and expenses, and any service award to Plaintiff, should be granted, and in what amounts. The hearing shall be held in Room 1919, 19th Floor, United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, or such other location as the Court may order. The Court may also order the hearing to take place remotely via Zoom or such other remote communication system as the Court may direct.

16.    For the purposes of giving the notice required by 28 U.S.C. §1715(b) ("CAFA"), the Settlement is deemed filed as of the date of this order.

17.    Plaintiff shall file her motion in support of Class Counsel's application for attorneys' fees and expenses, and any service award, no later than the Notice Deadline below.

18.    Plaintiff shall file her: (a) motion in support of final approval of the Settlement; (b) response to any objections to the Settlement, no later than the date stated for the same in the Schedule of Events below.

19.    Final Approval of this Settlement Agreement will settle and resolve with finality on behalf of the Plaintiff and the other Settlement Class Members, the Action and the Released Claims against the Released Parties by the Plaintiff and the other Settlement Class Members in the Action. As of the Settlement Effective Date, the Settlement Agreement and the above-

- 5 -

described release of the Released Claims will be binding on, and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members who did not validly and timely exclude themselves from the Settlement, and their respective predecessors, successors, affiliates, spouses, heirs, executors, administrators, agents and assigns of each of the foregoing, as set forth in the Settlement Agreement, and the Released Parties may file the Settlement Agreement and/or Final Approval Order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20.     <u>Schedule of Events</u>. Based on the foregoing, the Court hereby orders the resolution of this matter shall proceed on the following schedule:

| | |
|---|---|
| **_____, 2022**<br><br>[14 days after the date of this Order] | Deadline for the Claims Administrator to send notice to the Settlement Class in accordance with the Agreement and this Order (Notice Deadline) |
| **_____, 2022**<br><br>[Same as Notice Deadline] | Deadline for Plaintiff to file his Motion for Attorneys' Fees and Expenses, and any Incentive Award |
| **_____, 2022**<br><br>[60 days after Notice Deadline] | Deadline for any member of the Settlement Class to request exclusion from the Settlement or object to the Settlement in accordance with the Notice and this Order (Opt-Out and Objection Deadline) |
| **_____, 2022**<br><br>[21 days after the Opt-Out, Objection, and Claim Deadline] | Deadline for Plaintiff to file:<br><br>(1) Motion and memorandum in support of final approval, including proof of class notice; and<br>(2) Response to any objections. |
| **_____, 2022 at _____ _.m.** | Final Approval Hearing |

- 6 -

| [Court's Convenience] | |
|---|---|

IT IS SO ORDERED.

Dated:_____        _____
                                     Hon. Manish S. Shah
                                     United States District Judge

121431

# EXHIBIT 5

### *Quarles v. Pret a Manger (USA) Limited*
### USDC, Northern District of Illinois, Eastern Division
### Case No. 2020-cv-07179.

**If you were employed by Defendant Pret a Manger (USA) Limited ("Pret") at any of its Illinois locations after November 4, 2015 and were required by Pret to scan your finger for timekeeping purposes, you may be entitled to benefits under a class action lawsuit.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- **A proposed settlement will provide $677,450.00 (the "Settlement Funds") to fully settle and release claims of the following individuals:**

   **All individuals employed by Defendant Pret a Manger (USA) Limited and any other related entities in the State of Illinois who logged onto, interfaced with, or used any software, systems, or devices that used the individual's finger, hand, or any biometric identifier of any type ("Biometric Systems") in Illinois, including any employee of the above entities who has a claim under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*, from November 4, 2015 through the date of preliminary approval.**

   The following are excluded from the Settlement Class: (1) the district and magistrate judges presiding over this case; (2) the judges of the Seventh Circuit; (3) the immediate families of the preceding person(s); (4) any Released Party; and (5) any Settlement Class Member who timely opts out of this Action.

- **Pret denies Plaintiff's allegations and deny any wrongdoing whatsoever. The Court has not ruled on the merits of Plaintiff's claims or Pret's defenses. By entering into the settlement, Pret has not conceded the truth or validity of any of the claims against it.**

- **The Settlement Funds shall be used to pay amounts related to the settlement, including awards to Settlement Class ("Initial Settlement Award Checks"), attorneys' fees and costs to attorneys representing Plaintiff and the Settlement Class ("Class Counsel"), any service award for Plaintiff and the costs of notice and administration of the settlement. Class Counsel estimates that Settlement Class members will receive between $_____ and $_____ ("Initial Settlement Award Checks"). Any monies remaining in the Settlement Fund after the Initial Settlement Award Checks are distributed and the expiration date has passed will be distributed on a *pro rata* basis to those Settlement Class Members who cashed their Initial Settlement Award Checks (the "Subsequent Distribution"), so long as the amount to be distributed is at least $5.00 per class member. The Subsequent Distribution, if any, shall be made within ninety (90) days after the expiration date of the Initial Settlement Award Checks.** If there is not enough money to pay at least $5.00 to each Settlement Class Member who cashed their initial Settlement Award check or accepted their initial Settlement Award deposit, or if any checks or deposits from the subsequent distribution remain uncashed after the stale date, those funds shall be distributed to the following cy pres: the Electronic Privacy Information Center, subject to court approval.

- **Your rights and options, and the deadlines to exercise them, are explained in this Notice. Your legal rights are affected whether you act or do not act. Read this Notice carefully.**

112412

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| EXCLUDE YOURSELF OR "OPT-OUT" OF THE SETTLEMENT | If you ask to be excluded, you will not receive a payment. This is the only option that allows you to pursue your own claims against Pret or other released parties related to a released claim. The deadline for excluding yourself is _____, 2022. |
| OBJECT TO THE SETTLEMENT | If you wish to object to the settlement, you must write to the Court about why you believe the settlement is unfair in any respect. The deadline for objecting is _____, 2022. |
| DO NOTHING | If you do nothing, you will still receive a payment from settlement and give up your rights to sue Pret or any other released parties related to a released claim. |
| GO TO THE FINAL APPROVAL HEARING | You may attend the Final Approval Hearing. At the Final Approval Hearing you may ask to speak in Court about the fairness of the settlement. To speak at the Final Approval Hearing, you must file a document which includes your name, address, telephone number and your signature with the Court, which must also state your intention to appear at the Final Approval Hearing. This must be filed no later than _____, 2022. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments (*i.e.,* Settlement Award Checks) will be disbursed if the Court approves the settlement and after any appeals are resolved. Please be patient.

121429

## BASIC INFORMATION

**1. What is the purpose of this Notice?**

The purpose of this Notice is to inform you that a proposed Settlement has been reached in the putative class action lawsuit entitled *Quarles v. Pret a Manger (USA) Limited* filed in the USDC, Northern District of Illinois, Eastern Division, Case No. 2020-cv-07179. Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully. This Notice summarizes the settlement and your rights under it.

**2. What does it mean if I received a postcard about this settlement?**

If you received a postcard describing this settlement, it is because Pret's records indicate that you may be a member of the Settlement Class**.** The members of the Settlement Class include:

> All individuals employed by Defendant Pret a Manger (USA) Limited and any other related entities in the State of Illinois who logged onto, interfaced with, or used any software, systems, or devices that used the individual's finger, hand, or any biometric identifier of any type ("Biometric Systems") in Illinois, including any employee of the above entities who has a claim under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.,* from November 4, 2015 through the date of preliminary approval.

Excluded from the Settlement Class are: (1) the district and magistrate judges presiding over this case; (2) the judges of the Seventh Circuit; (3) the immediate families of the preceding person(s); (4) any Released Party; and (5) any Settlement Class Member who timely opts out of this Action.

**3. What is this class action lawsuit about?**

In a class action, one or more people called Class Representatives (here, Plaintiff Kayla Quarles) sue on behalf of people who allegedly have similar claims. This group is called a class and the persons included are called class members. One court resolves the issues for all of the class members, except for those who exclude themselves from the class.

Here, Plaintiff claims Pret violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.,* by failing to: (1) obtain its employees' informed written consent before collecting, capturing, or otherwise obtaining their biometric data in connection with Pret's timekeeping system; and (2) implement and adhere to a written policy for permanently destroying Pret's employees' biometric data. Pret denies these allegations and any wrongdoing. The Court has conditionally certified a class action for settlement purposes only. The Honorable Manish S. Shaw is presiding over this action.

**4. Why is there a settlement?**

The Court did not decide in favor of Plaintiff or Pret. Instead, the parties agreed to this settlement. This way, the parties avoid the risk and cost of a trial, and the Settlement Class members will receive compensation. Plaintiff and Class Counsel think the settlement is best for all persons in the Settlement Class.

121429

## WHO IS IN THE SETTLEMENT CLASS?

**5. How do I know if I am a part of the settlement class?**

The Court has certified a class action for settlement purposes only. The Settlement Class is defined as:

> All individuals employed by Defendant Pret a Manger (USA) Limited and any other related entities in the State of Illinois who logged onto, interfaced with, or used any software, systems, or devices that used the individual's finger, hand, or any biometric identifier of any type ("Biometric Systems") in Illinois, including any employee of the above entities who has a claim under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.,* from November 4, 2015 through the date of preliminary approval.

A "Settlement Class Member" is any person in the Settlement Class who is not validly excluded from the Settlement Class. If you are still not sure whether you are included, you can visit other sections of the Settlement Website, www.PAMIllinoisSettlement.com, you may write to the claims administrator at Pret a Manger (USA) Limited BIPA Settlement, c/o _____.

## THE LAWYERS REPRESENTING YOU

**6. Do I have lawyers in this case?**

The Court has appointed the law firms of Keogh Law, Ltd., as Class Counsel to represent you and the other persons in the Settlement Class. You will not be personally charged by these lawyers.

**7. How will Class Counsel be paid?**

Class Counsel will ask the Court to approve payment of up to one third of the Settlement Fund, or $_____ for attorneys' fees, plus reasonable expenses. Class Counsel also will ask the Court to approve payment of $_____ to Plaintiff for her services as Class Representative if permitted by law. The Court may award less than these amounts.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**8. What does the settlement provide?**

**Settlement Fund**. Pret will pay $677,450.00 into a fund (the "Settlement Funds"), which will cover: (1) cash payments to Settlement Class Members; (2) an award of attorneys' fees and expenses to Class Counsel in an amount equal to one third of the settlement fund, plus expenses, as approved by the Court; (3) service award to the Plaintiff, Kayla Quarles, in an amount not to exceed $_____, if permitted by law and approved by the Court; and (4) the costs of notice and administration of the Settlement.

121429

**Cash Payments**. All Settlement Class Members will receive a cash payment, so long as their last known address can be determined. Any money remaining in the Settlement Fund after paying all valid and timely claims to Settlement Class Members ("Claimants"), attorneys' fees and costs to Class Counsel, any service award to Plaintiff, and the costs of notice and administration of the settlement will be distributed on a *pro rata* basis to those Settlement Class Members who cashed their Initial Settlement Award Check, so long as the amount to be distributed per Claimant is at least $5.00. Any subsequent distribution will be made within ninety (90) days after the expiration date of the Initial Settlement Award Check has passed.

| **9. How much will my payment be?** |
| --- |

Class Counsel estimates your share of the Settlement Fund will be within the range of $_____ to $_____. **This is an estimate only. The final cash payment amount will depend on the costs of notice and administration, as well as the reasonable costs, attorney's fees, and incentive award approved by the Court.**

| **10. What am I giving up to stay in the Settlement Class?** |
| --- |

Unless you exclude yourself from the settlement, you will be part of the Settlement Class and will be bound by the release of claims in the settlement. This means that if the settlement is approved, you cannot rely on any Released Claim to sue, or continue to sue, Pret or other Released Parties, on your own or as part of any other lawsuit, as explained in the Settlement Agreement. It also means that all of the Court's orders will apply to you and legally bind you. Unless you exclude yourself from the Settlement, you will agree to release Pret and all other Released Parties, as defined in the Settlement Agreement, from any and all claims that arise from your use of any software, systems, or devices that scan your finger, hand, or any biometric identifier of any type .

In summary, the Release includes all claims of any kind, whether known or unknown, that were asserted in the Action, or that could have been asserted in the Action based on the facts alleged in Plaintiff's Class Action Complaint, including, but not limited to, claims arising under BIPA or any other similar state, local, or federal law, regulation, or ordinance, or common law, regarding the use, collection, capture, receipt, maintenance, storage, transmission, or disclosure of biometric identifiers and/or biometric information.

If you have any questions about the Release or what it means, you can speak to Class Counsel, listed under Question 6, for free; or, at your own expense, you may talk to your own lawyer. The Release does not apply to persons in the Settlement Class who timely exclude themselves.

### HOW TO OBTAIN A PAYMENT

| **11. How can I get a payment?** |
| --- |

There is nothing you need to do to obtain a payment from the Settlement. Your portion of the settlement funds will be sent to your last known address, along with a 1099 form.

### WHEN WILL I RECEIVE MY SETTLEMENT PAYMENT?

| **12. When would I receive a settlement payment?** |
| --- |

121429

The Court will hold a hearing on _____, 2022 to decide whether to approve the Settlement. If the Court approves the Settlement, after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Everyone who declines to exclude themselves will be informed of the progress of the settlement through information posted on the Settlement Website at www.PAMIllinoisSettlement.com. Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 13. How do I get out of the settlement?

If you want to keep the right to sue, or continue to sue Pret or a Released Party, as defined in the Settlement Agreement, then you must take steps to get out of the Settlement Class. This is called excluding yourself from, or opting-out of, the Settlement Class.

A Settlement Class Member who wishes to exclude himself or herself from this Settlement, and from the Release pursuant to this Settlement, shall submit a written Opt-Out Request to the Claims Administrator at the address designated in the Notice no later than the Claim Filing/Objection Deadline. Opt-Out Requests must: (i) be timely submitted by the Claim Filing/Objection Deadline; (ii) be signed by the person in the Settlement Class who is requesting to be excluded from the Settlement Class; (iii) include the name and address of the person in the Settlement Class requesting exclusion; and (iv) include a statement or words to the effect of the following: "I request to be excluded from the Pret BIPA Settlement, and understand that by doing so I will not be entitled to receive any of the benefits from the settlement." No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

**To be valid, you must mail your exclusion request postmarked no later than _____, 2022 to the claims administrator at Pret BIPA Settlement, c/o _____.**

### 14. If I do not exclude myself, can I sue Pret for the same thing later?

No. If you do not exclude yourself, you give up any right to sue (or continue to sue) Pret or any Released Parties for the claims that this settlement resolves.

121429

**15. If I exclude myself, can I get a benefit from this settlement?**

No. If you exclude yourself, you will not receive a settlement payment and you cannot object to the settlement.

## OBJECTING TO THE SETTLEMENT

**16. How do I tell the Court that I do not think the settlement is fair?**

If you are in the Settlement Class, you can object to the settlement or any part of the settlement that you think the Court should reject, and the Court will consider your views. If you do not provide a written objection in the manner described below, you shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the settlement, or the award of any attorneys' fees and expenses, and/or any proposed service award.

To object, you must make your objection in writing, stating that you object to the Settlement. To be considered by the Court, the written objection must personally sign the objection and provide the following information with it: (i) full name, current address, and current telephone number; (ii) documentation sufficient to establish membership in the Settlement Class; (iii) a statement of reasons for the objection, including the factual and legal grounds for the objector's position; and (iv) copies of any other documents the objecting Settlement Class Member wishes to submit in support of his/her/its position.

**To be considered, you must file your objections with the Court and mail your objections to the addresses below no later than _____, 2022.**

For Plaintiff:

Keith J. Keogh
Gregg M. Barbakoff
KEOGH LAW, LTD.
55 Monroe St., 3390
Chicago, IL 60603

For Defendants:

Jaime Filipovic
Matthew E. Szwajkowski
O'HAGAN MEYER
One East Wacker Dr., Suite 3400
Chicago, Illinois 60601

**17. What is the difference between objecting and excluding yourself?**

Objecting is telling the Court that you do not like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself means that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

121429

## IF YOU DO NOTHING

**18. What happens if I do nothing at all?**

If you do nothing, you will still receive a payment from settlement and give up your rights to sue Pret or any other released parties related to a released claim. For information relating to what rights you are giving up, see Question 9.

## THE FINAL APPROVAL HEARING

**19. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Hearing at _____:00 a.m. on _____, 2022 in Room 1919, 19th Floor, at United States Courthouse, 291 South Dearborn Street, Chicago, IL 60604. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are valid objections that comply with the requirements in Question 16 above, the Court also will consider them and will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel and Plaintiff.

The Final Approval Hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Website for updates.

**20. Do I have to come to the hearing?**

No. Class Counsel will appear on behalf of the Settlement Class. But, you are welcome to come, or have your own lawyer appear, at your own expense.

**21. May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing, but only in connection with an objection that you have timely submitted to the Court according to the procedure set forth in Question 15 above. To speak at the Final Approval Hearing, you must also file a document with the Court stating your intention to appear. For this document to be considered, it must include your name, address, telephone number and your signature. The document must be filed with the Court no later than _____, 2022. You cannot speak at the hearing if you exclude yourself from the settlement.

## GETTING MORE INFORMATION

**22. How do I get more information?**

This notice is only a summary of the proposed settlement. You can get a copy of the settlement agreement by visiting the Settlement Website, www.PAMIllinoisSettlement.com, or you can write to the address below. You can also call Class Counsel with any questions at 866.726.1092.

**DO NOT CALL OR WRITE TO THE COURT, THE CLERK OF THE COURT, PRET, OR PRET'S COUNSEL ABOUT THE SETTLEMENT.**

121429