# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KAYLA QUARLES, individually and on behalf of all others similarly situated, | ) ) | |
| | ) | Case No. 20-cv-7179 |
| Plaintiffs, | ) | |
| v. | ) | Hon. Manish S. Shah |
| | ) | Presiding Judge |
| PRET A MANGER (USA) LIMITED, | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF KEITH J. KEOGH**

Keith J. Keogh declares under penalty of perjury, that the following statements are true:

1.      I am a member in good standing of the Illinois State Bar, and the founder and managing partner of Keogh Law, Ltd. ("Class Counsel"). I am one of the lawyers primarily responsive for prosecuting Plaintiff Kayla Quarles's ("Plaintiff") claims under the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.* on behalf of the proposed Settlement Class.

2.      I submit this declaration in support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement. I am over the age of eighteen and am fully competent to make this declaration. This declaration is based upon my personal knowledge and if called upon to testify to the matters stated herein, I could and would do so competently.

3.      As shown below, my firm has regularly engaged in major complex litigation and consumer class actions involving statutory privacy claims. My firm has the resources necessary to conduct litigation of this nature, and has experience prosecuting class actions of similar size, scope, and complexity to the instant case. Additionally, I have often served as class counsel in similar actions.

- 1 -

123829

4. This class action was filed on November 4, 2020 in the Circuit Court of Cook County against Defendant Pret a Manger (USA) Limited ("Pret"). The Settlement in this case was not reached until after the parties engaged in substantive motion practice, conducted written discovery on class and merits issues, prepared detailed mediation briefs setting forth their respective legal and factual arguments, and participated in a contentious, eight-hour mediation session held before the Honorable Judge Morton Denlow (Ret.).

5. During the mediation, the parties discussed their relative views of the law and the facts, as well as the potential relief for the proposed Settlement Class. After reaching an agreement in principle on the material terms, the parties spent the next five months negotiating their remaining points of dispute, which ultimately culminated in the Settlement Agreement.

6. Under the Settlement Agreement, Pret will pay Six Hundred Seventy-Seven Thousand, Four Hundred Fifty Dollars ($677,450.00) into a non-reversionary Settlement Fund. The Settlement Fund will be divided *pro rata* among all Settlement Class Members who decline to opt out, after payment of the costs of notice and administration and the court-approved attorneys' fee and class representative incentive award.

7. None of the Settlement Fund will revert back to Pret.

8. Based on information furnished by Pret, the approximate class size is no more than 797 persons. Thus, each Settlement Class Member will receive a gross recovery of $849.43, which is in line with, if not superior to, other BIPA settlements that have received approval. *See* Mot. at 15.

9. The Settlement reached in this case was the product of well-informed judgments about the adequacy of the relief provided to the proposed Settlement Class. Class Counsel are intimately familiar with the relative strengths and weaknesses of the claims and defenses in this

- 2 -

123829

case, as well as the corresponding legal and factual issues. This knowledge, which was obtained through the discovery exchanged by the parties, as well as Class Counsel's extensive experience, legal research and pre-suit investigation, was sufficient to make an informed recommendation about the value of the claims at issue, the costs, risks, and delays of protracted litigation, discovery, and appeals, and the adequacy of the class relief secured through the Settlement.

10.     At all times, the settlement negotiations were highly-adversarial and non-collusive, as evidenced by the eight-hour mediation session before Judge Denlow, and the parties have not entered into any side-deals or separate agreements in connection with the Settlement Agreement.

11.     While am confident in the strength of the claims alleged in this case and that Plaintiff would ultimately prevail at trial, Pret denied all of Plaintiff's material allegations and raised numerous legal and factual issues that, if successful, could preclude any recovery for the Settlement Class.

12.     Pret's primary defense is that it faces no liability under BIPA because the information captured by its timekeeping system does not fall within the statutory definition of "biometric identifiers" or "biometric information," but instead falls within a third category outside of BIPA's purview.  *See* ECF No. 31 at 22. Defeating this highly-technical defense at would presumably entail costly expert and third-party discovery, while the lack of any guiding precedent offers no guarantee of success at summary judgment or trial.

13.     Further, Pret intended to evade liability by proving, among other issues, that: (1) Pret's reliance on a good-faith interpretation of BIPA precludes a finding of negligence or recklessness; (2) Plaintiff and the Settlement Class's claims are barred on the doctrines of waiver, estoppel, ratification, or acquiescence; and (3) Plaintiff and the Settlement Class assumed the risk of any injuries resulting from Pret's alleged statutory violations. *See* ECF No. 31 at 20-22.  A

- 3 -

123829

victory on these defenses could doom the case in its entirety or, at the very least, greatly reduce the size of the proposed class and preclude any recovery for scores of class members who stand to benefit from the Settlement.

14. And, before resolving Pret's substantive defenses, Plaintiff would first need to prevail at class certification, which would entail extensive motion practice on several hotly contested issues with no guarantee of success. *See* Fed. R. Civ. P. 23(e)(2), Advisory Committee's Note to 2018 Amendment (directing courts to consider the likelihood of certification when evaluating this sub-factor). Though Plaintiff maintains this case is an ideal candidate for certification, her success is certainly not guaranteed.

15. Finally, even if Plaintiff prevailed at class certification and obtained a complete victory on the merits, Pret intended to seek reduction of damages based on the argument an award of $1,000 or $5,000 per violation would violate its right to due process under the Illinois and United States Constitution. *See* ECF No. 31 at 24.

16. Given the risks and delays posed by further litigation, as well as my considerable experience doing Plaintiff's consumer protection work, I believe the settlement is more than fair, adequate, and reasonable, and in the best interest of the Settlement Class. Instead of facing the uncertainty of a potential award in their favor years from now, the Settlement allows Plaintiff and Settlement Class Members to receive immediate and certain relief.

17. Plaintiff played a key role in prosecuting this case and securing the proposed Settlement on behalf of the proposed Settlement Class. Specifically, Plaintiff retained experienced counsel class action litigators to bring this action, assisted her attorneys in investing the Settlement Class's BIPA clams, reviewed and approved the Class Action Complaint prior to filing, regularly

123829

conferred with her attorneys throughout the litigation, and reviewed and approved the Settlement Agreement prior to signing it.

## Class Counsel's Experience

18.     Keogh Law, Ltd. consists of five attorneys and focuses on class actions. I am a shareholder of the firm and member of the bars of the United States Court of Appeals for the First, Second, Third, Seventh, Ninth and Eleventh Circuits, Eastern District of Wisconsin, Northern District of Illinois, Central District of Illinois, Southern District of Indiana, District of Colorado, Middle District of Florida, Southern District of Florida, the Illinois State Bar, and the Florida State Bar, as well as several bar associations and the National Association of Consumer Advocates.

19.     In 2015, the National Association of Consumer Advocates honored me as the Consumer Attorney of the Year for my work in courts and with the FCC insuring the safeguards of the TCPA were maintained.

20.     My firm was class counsel in the four of the largest class action settlements involving an anti-identity theft law that aims to protect the privacy of personal information, called the Fair and Accurate Credit Transactions Act. *Flaum v Doctors Associates,* 16-CV-61198-CMA (S.D. Fla.) ($30.9 million dollars); *Legg v. Laboratory Corporation of America Holdings*, No. 14-cv-61543-RLR (S.D. Fla., filed July 6, 2014) ($11 million dollars); *Legg v. Spirit Airlines, Inc*., No. 14-cv-61978-JIC (S.D. Fla., filed Aug. 29, 2014) ($7.5 million dollars); and *Muransky v. Godiva Chocolatier, Inc*., 15-cv-60716-WPD (S.D. Fla., filed Apr. 6, 2015) ($6.3 million dollars) (on appeal).

21.     I was also class counsel in some of the largest Telephone Consumer Protection Act ("TCPA") settlements in the country.  *See Hageman v. AT&T Mobility LLC, et al.*, Case 1:13-cv-00050-DLC-RWA (D. MT.) (Co-Lead) (Final Approval Granted February 11, 2015 providing for

123829

a $45 million settlement for a class of 16,000 persons) and *Capital One Telephone Consumer Protection Act Litigation*, et al., 12-cv-10064 (N.D. Ill. Judge Holderman) (Liaison Counsel and additional Class Counsel)(Final Approval Granted February 12, 2015 for a $75 million settlement).

22.     I was also lead or class counsel in the following class settlements: *See Leung v XPO Logistics, Inc.*, 15 CV 03877, (N.D. Ill. 2018) (TCPA); *Martinez v Medicredit*, 4:16CV01138 ERW (E.D. Mo. 2018) (TCPA); *Martin v. Wells Fargo Bank, N.A.*, 16-cv-09483 (N.D. Ill. 2018) (FCRA); *Town & Country Jewelers, LLC v. Meadowbrook Insurance Group, Inc., et al*, 15-CV-02419-PGS-LHG (D. NJ. 2018) (TCPA); *Legg v AEO*, 14-cv-02440-VEC (TCPA) (on appeal after final approval from professional objector); *Markos v Wells Fargo*, 15-cv-01156-LMM (N.D. Ga. (TCPA); *Ossola v Amex* 1:13-cv-04836 (N.D. Ill. 2016) (TCPA); *Luster v. Wells Fargo,* 15-1058-TWT (N.D. Ga.) (TCPA); *Prather v Wells Fargo*, 15-CV-04231-SCJ (ND. Ga) (TCPA); *Joseph et al. v. TrueBlue, Inc. et al.*, Case No. 3:14-cv-05963 (D. Wa.) (TCPA case, $5 million for 1,948 class members); *Tripp v. Berman & Rabin, P.A.,* 310 F.R.D. 499 (D. Kan. 2015); *Willett, et al. v. Redflex Traffic Systems, Inc., et al.*, Case No. 13-cv-01241-JCH-RHS; *In re Convergent Outsourcing, Inc. Telephone Consumer Protection Act Litigation,* Master Docket No. 3:13-cv-1866-AWT (D. Conn) (Interim Co-Lead); *De Los Santos v Millword Brown, Inc.*, 9:13-cv-80670-DPG (S.D. Fl) (TCPA); *Allen v. JPMorgan Chase Bank, N.A.* 13-cv-08285 (N.D. Ill. Judge Pallmeyer) (TCPA); *Cooper v NelNet*, 6:14-cv-314-Orl-37DAB (M.D. Fl.) (TCPA); *Thomas v Bacgroundchecks.*com, 3:13-CV-029-REP (E.D. Va.) (additional class counsel); *Carrero v. LVNV Funding*, LLC, 11-CV-62439-KMW (S.D. Fl. 2016) (Unlicensed debt collector under Fl. law); *Lopera v RMS*, 12-c-9649 (N.D. Ill. Judge Wood), *Kubacki v Peapod*, 13-cv-729 (N.D. Ill. Judge Mason); *Wojcik v. Buffalo Bills, Inc.*, 8:12 CV 2414-SDM-TBM (M.D. Fla.) (TCPA); *Curnal v LVNV Funding, LLC.*, 10 CV 1667 (Wyandotte County, KS 2014) (Unlicensed debt collector

under KS law); *Cummings v Sallie Mae*, 12 C-9984 (N.D. Ill. Judge Gottschall) (TCPA) (co-lead); *Brian J. Wanca, J.D., P.C. v. L.A. Fitness International, LLC*, Case No. 11-CV-4131 (Lake County, Il. Judge Berrones) (TCPA); *Osada v. Experian Info. Solutions, Inc.*, 2012 U.S. Dist. LEXIS 42330 (N.D. Ill. Mar. 28, 2012) (FCRA class); *Saf-T-Gard International, Inc. v. Vanguard Energy Services, L.L.C., et al*, 12-cv-3671 (N.D. Ill. 2013 Judge Gottschall) (TCPA); *Saf-T-Gard v. TSI*, 10-c-7671, (N.D. Ill. Judge Rowland) (TCPA); *Cain v Consumer Portfolio Services, Inc.* 10-cv-02697 (N.D. Ill. Judge Keys) (TCPA); *Iverson v Rick Levin & Associates*, 08 CH 42955 Circuit Court Cook County (Judge Cohen) (TCPA); *Saf-T-Gard v Seiko,* 09 C 776 (N.D. Ill. Judge Bucklo) (TCPA); *Jones v. Furniture Bargains*, LLC, 09 C 1070 (N.D. Ill) (FLSA collective action); *Saf-T-Gard v. Metrolift*, 07 CH 1266 Circuit Court Cook County (Judge Rochford) (Co-Lead) (TCPA); *Bilek* v *Countrywide,* 08 C 498 (N.D. Ill. Judge Gottschall); *Pacer* v *Rochenback,* 07 C 5173 (N.D. Ill. Judge Cole); *Overlord Enterprises v. Wheaton Winfield Dental Associates,* 04 CH 01613, Circuit Court Cook County (Judge McGann) (TCPA); *Whiting v. SunGard,* 03 CH 21135, Circuit Court Cook County (Judge McGann) (TCPA); *Whiting v. Golndustry,03* CH 21136, Circuit Court Cook County (Judge McGann) (TCPA).

23.     I was the attorney primarily responsible for the following class settlements: *Wollert* v. *Client Services,* 2000 U.S. Dist. LEXIS 6485 (N.D. Ill. 2000); *Rentas* v. *Vacation Break USA,* 98 CH 2782, Circuit Court of Cook County (Judge Billik); *McDonald* v. *Washington Mutual Bank,* supra; *Wright* v. *Bank One Credit Corp.,* 99 C 7124 (N.D. Ill. Judge Guzman); *Arriaga* v. *Columbia Mortgage,* 01 C 2509 (N.D. Ill. Judge Lindberg); *Frazier* v. *Provident Mortgage,* 00 C 5464 (N.D. Ill. Judge Coar); *Largosa* v. *Universal Lenders,* 99 C 5049 (N.D. Ill. Judge Leinenweber); *Arriaga* v. *GNMortgage,* (N.D. Ill. Judge Holderman); *Williams* v. *Mercantile Mortgage,* 00 C 6441 (N.D. Ill. Judge Pallmeyer); *Reid* v. *First American Title,* 00 C 4000 (N.D.

123829

Ill. Magistrate Judge Ashman); *Fabricant* v. *Old Kent, 99* C 6846 (N.D. Ill. Magistrate Judge Bobrick); *Mendelovits* v. *Sears,* 99 C 4730 (N.D. Ill. Magistrate Judge Brown); *Leon* v. *Washington Mutual,* 01 C 1645 (N.D. Ill. Judge Alesia).

24.     The individual class members' recovery in some of these settlements was substantial. For example, in one of the cases against a major bank the class members' recovery was 100% of their actual damages resulting in a payout of $l,000 to $9,000 per class member. In another case against a major lender regarding mortgage servicing responses, each class member who submitted a claim form received $1,431. *McDonald v. Washington Mutual Bank*.

25.     In addition, to the above settlements, I was appointed class counsel in *Keim v. ADF MidAtlantic*, LLC, 2018 U.S. Dist. LEXIS 204548 (S.D. Fla., Dec. 3, 2018) (TCPA); *Braver v. Northstar Alarm Services, LLC*, No. 5:17-cv-00383-F (W.D. Ok 2018) (TCPA); *In Re Convergent Outsourcing, Inc. Telephone Consumer Protection Act Litigation*, Master Docket No. 3:13-cv-1866-AWT (D. Conn) (Interim Co-Lead); *Stahl v. RMK Mgmt. Corp.*, 2015-CH-13459 (Cir. Ct. Cook Cty.) (landlord/tenant under Chicago RLTO); *Galvan v. NCO Fin. Sys.*, 2012 U.S. Dist. LEXIS 128592 (N.D. Ill. 2012); *Osada v. Experian Info. Solutions, Inc.*, 2012 U.S. Dist. LEXIS 42330 (N.D. Ill. Mar. 28, 2012) (FCRA class)*; Pesce v First Credit Services*, 11-cv-01379 (N.D. Ill. December 19 2011) (TCPA Class); *Smith v Greytsone Alliance*, 09 CV 5585 (N.D. Ill. 2010); *Cicilline* v. *Jewel Food Stores, Inc.,* 542 F.Supp.2d 831 (N.D. Ill. 2008) (Co-Lead Counsel for FACTA class); *Harris* v. *Best Buy Co.,* 07 C 2559, 2008 U.S. Dist. LEXIS 22166 (N.D. Ill. March 20, 2008) (FACTA class); *Matthews* v. *United Retail, Inc.,* 248 F.R.D. 210 (N.D. Ill. 2008) (FACTA class); *Redmon* v. *Uncle Julio's, Inc.,* 249 F.R.D. 290 (N.D. Ill. 2008) (FACTA class); *Harris* v. *Circuit City Stores, Inc.,* 2008 U.S. Dist. LEXIS 12596, 2008 WL 400862 (N.D. Ill. 2008) (FACTA class); *Pacer* v *Rockenbach Chevrolet Sales, Inc.,* 07 C 5173 (N.D. Ill. 2008) (FACTA

123829

class).

26.     Some reported cases of mine involving consumer protection include: *Franklin v. Parking Revenue Recovery Servs.*, 832 F.3d 741 (7th Cir. 2016); *Galvan v. NCO Portfolio Mgmt. Inc.*, 794 F.3d 716, 721 (7th Cir. 2015); *Leeb v. Nationwide Credit Corp.*, 806 F.3d 895 (7th Cir. 2015);* Smith v Greystone,* 772 F.3d 448 (7th Cir. 2014); *Clark v Absolute Collection Agency,* 741 F.3d 487 (4th 2014); *Lox v. CDA, Ltd.,* 689 F.3d 818 (7th Cir. 2012); *Townsel v. DISH Network L.L.C.*, 668 F.3d 967 (7th Cir. Ill. 2012); *Catalan v. GMAC Mortgage Corp.*, No. 09-2182 (7th Cir. 2011) ; *Gburek v Litton Loan*, 614 F.3d 380 (7th Cir. 2010); *Sawyer v. Ensurance Insurance Services* consolidated with *Killingsworth* v. *HSBC Bank Nev., NA.,* 507 F3d 614, 617 (7th Cir. 2007), *Echevarria et al.* v. *Chicago Title and Trust Co.,* 256 F3d 623 (7th Cir. 2001*); Demitro* v. *GMAC,* 388 Ill. App. 3d 15, 16 (lst Dist. 2009); *Hill* v. *St. Paul Bank,* 329 Ill. App. 3d 7051, 1768 N.E.2d 322 (lst Dist. 2002); *In re Mercedes-Benz Tele Aid Contract Litig., 2009* U.S. Dist. LEXIS 35595 (D.N.J. 2009); *Catalan v. RBC Mortg. Co.,* 2009 U.S. Dist. LEXIS 26963 (N.D. Ill. 2009); *Elkins v. Equifax, Inc.,* 2009 U.S. Dist. LEXIS 18522 (N.D. Ill. 2009*); Harris* v. *DirecTV Group, Inc.,* 2008 U.S. Dist. LEXIS 8240 (N.D. Ill. 2008); *In re TJX Cos., Inc., Fair & Accurate Credit Transactions Act* (FACTA) Litig., 2008 U.S. Dist. LEXIS 38258 (D. Kan. 2008); *Martin* v. *Wal-Mart Stores, Inc.,* 2007 U.S. Dist. LEXIS 89715 (N.D. Ill. 2007); *Elkins* v. *Ocwen Fed. Sav. Bank Experian Info. Solutions, Inc.,* 2007 U.S. Dist. LEXIS 84556 (N.D. Ill. 2007); *Harris* v. *Wal-Mart Stores, Inc.,* 2007 U.S. Dist. LEXIS 76012 (N.D. Ill. *2007); Stegvilas* v. *Evergreen Motors, Inc.,* 2007 U.S. Dist. LEXIS 35303 (N.D. Ill. 2007); *Cook* v. *River Oaks Hyundai, Inc.,* 2006 U.S. Dist. LEXIS 21646 (N. D. Ill. 2006); *Gonzalez* v. *W. Suburban Imps.,* Inc., 411 F. Supp. 2d 970 (N.D. Ill. 2006); *Eromon* v. *GrandAuto Sales, Inc.,* 333 F. Supp. 2d 702 (N.D. Ill. 2004); *Williams* v. *Precision Recovery, Inc.,* 2004 U.S. Dist. LEXIS 6190 (N.D. Ill. 2004); *Doe* v. *Templeton,* 2003

U.S. Dist. LEXIS 24471 (N.D. Ill. 2003); *Ayala* v. *Sonnenschein Fin. Servs.,* 2003 U.S. Dist. LEXIS 20148 (N.D. Ill. 2003); *Gallegos* v. *Rizza Chevrolet, Inc., 2003* U.S. Dist. LEXIS 18060 (N.D. Ill. 2003); *Szwebel* v. *Pap's Auto Sales, Inc.,* 2003 U.S. Dist. LEXIS 13044 (N.D. Ill. 2003); *Johnstone* v. *Bank of America,* 173 F. Supp.2d 809 (N.D. Ill. 2001); *Leon* v. *Washington Mutual Bank,* 164 F. Supp.2d 1034 (N.D. Ill. 2001); *Ploog* v. *HomeSide Lending,* 2001 WL 987889 (N.D. Ill. 2001); *Christakos* v. *Intercounty Title,* 196 F.R.D. 496 (N.D. Ill. 2000); *Batten* v. *Bank One,* 2000 WL 1364408 (N.D. Ill. 2000); *McDonald* v. *Washington Mutual Bank,* 2000 WL 875416 (N.D. Ill. 2000); and *Williamson* v. *Advanta Mtge Corp.,* 1999 U.S. Dist. LEXIS 16374 (N.D. Ill. 1999). The *Christakos* case significantly broadened title and mortgage companies' liability under Real Estate Settlement Procedures Act ("RESPA") and *McDonald* is the first reported decision to certify a class regarding mortgage servicing issues under the Cranston-Gonzales Amendment of RESPA.

27.     I have argued before the Seventh Circuit, the First District of Illinois and the MultiLitigation Panel in *Townsel v. DISH Network L.L.C.*, 668 F.3d 967 (7th Cir. Ill. 2012)*; Catalan* v *GMACM* (7th Cir. 2010); *Gburek* v *Litton Loan Servicing* (7th Cir. 2009); *Sawyer* v *Esurance* (7th Cir. 2007), *Echevarria, et al.* v. *Chicago Title and Trust Co.* (7th Cir. 2001); *Morris* v *Bob Watson,* (lst. Dist. 2009); *Iverson* v *Gold Coast Motors Inc.,* (lst. Dist. 2009); *Demitro* v. *GMAC* (lst Dist. 2008), *Hill v. St. Paul Bank* (lst Dist. 2002), and *In Re: Sears, Roebuck & Company Debt Redemption Agreements Litigation* (MDL Docket No. 1389.) *Echevarria* was part of a group of several cases that resulted in a nine million dollar settlement with Chicago Title.

28.     My published works include co-authoring and co-editing the 1997 supplement to *Lane's Goldstein Trial Practice Guide* and *Lane's Medical Litigation Guide.*

29.     I have lectured extensively on consumer litigation, including extensively on class

actions and the TCPA. For example, I:

a.  Presented at the National Consumer Law Center 2018 annual conference on the TCPA.

b.  Presented at the 2018 Fair Debt Collection Training Conference for two sessions on the TCPA.

c.  Presented at the National Consumer Law Center 2017 annual conference on the TCPA.

d.  Presented at the National Consumer Law Center 2016 annual conference on the TCPA.

e.  Presented at the 2016 Fair Debt Collection Training Conference for a session on TCPA Developments.

f.  Presented for the National Association of Consumer Advocates November 2015 webinar titled Developments and Anticipated Impact of Recent FCC TCPA Rules.

g.  Presented at the National Consumer Law Center 2015 annual conference in San Antonio, Tx. on the TCPA.

h.  Presented at the 2015 Fair Debt Collection Training Conference for three sessions on the TCPA.

i.  Presented at the National Consumer Law Center 2014 annual conference in Tampa Fl. for two sessions on the TCPA.

j.  Panelist for the December 2013 Strafford CLE Webinar titled TCPA Class Actions: Pursuing or Defending Claims Over Phone, Text and Fax Solicitations.

k.  Panelist for the December 2014 Chicago Bar Association Class Action Seminar titled "Class Action Settlements in the Seventh Circuit: Navigating Turbulent Waters."

l.  Presented at the 2014 Fair Debt Collection Training Conference for three sessions on the TCPA.

m.  Panelist for the December 2013 Strafford CLE Webinar titled Class Actions for Telephone

and Fax Solicitation and Advertising Post-Mims. Leveraging TCPI lectured at the 2014 Fair Debt Collection Training Conference for three sessions on the TCPA.

n. Panelist for the December 2013 Strafford CLE Webinar titled Class Actions for Telephone and Fax Solicitation and Advertising Post-Mims. Leveraging TCPA Developments in Federal Jurisdiction, Class Suitability, and New Technology.

o. Presented for the National Association of Consumer Advocates November 2013 webinar titled Current Telephone Consumer Protection Act Issues Regarding Cell Phones.

p. Presenter for the November 2013 Chicago Bar Association Class Action Committee presentation titled Future of TCPA Class Actions.

q. Speaker at the Social Security Administration's Chicago office in August 2013 on a presentation on identity theft, which included consumers' rights under the Fair Credit Reporting Act.

r. Panelist for the May 14, 2013 Chicago Bar Association Class Action Seminar titled "The Shifting Landscape of Class Litigation" as well as for the March 20, 2013 Strafford CLE webinar titled "Class Actions for Telephone and Fax Solicitation and Advertising Post-Mims. Leveraging TCPA Developments in Federal Jurisdiction, Class Suitability, and New Technology."

s. Lectured at the June 6, 2013 Consumer Law Committee of the Chicago Bar Association on the topic "Employment Background Reports under the Fair Credit Reporting Act: Improper consent forms to failure to provide background report prior to adverse action."

t. Lectured at the 2013 Fair Debt Collection Training Conference for three sessions on the TCPA.

u. Presented at the 2012 National Consumer Law Center annual conference for a session on

- 12 -

123829

the TCPA.

v.   Presented at the 2012 Fair Debt Collection Training Conference for a session on the TCPA.

w.   Panelist for Solutions for Employee Classification & Wage/Hour Issues at the 2011 Annual Employment Law Conference hosted by Law Bulletin Seminars.

x.   Lectured at the 2011 National Consumer Law Center conference for a session titled Telephone Consumer Protection Act: Claims, Scope, Remedies as well as lectured at the same 2011 National Consumer Law Center conference for a double session titled ABC's of Class Actions.

y.   Taught *Defenses to Foreclosures* for Lorman Education Services, which was approved for CLE credit, in 2008 and 2010.

z.   Guest lecturer on privacy issues at University of Illinois at Urbana-Champaign School of Law. In March 2010.

aa.  Guest speaker for the Legal Services Office of The Graduate School and Kellogg MBA Program at Northwestern University for its seminar titled: "Financial Survival Guide: Legal Strategies for Graduate Students During A Period of Economic Uncertainty."

30.    I was selected as an Illinois Super Lawyer in 2018-2014 and an Illinois Super Lawyer Rising Star each year from 2008 through 2013 and my cases have been featured in local newspapers such as the Chicago Tribune, Chicago Sun-Times, The Naperville Sun, Daily Herald and RedEye.

31.    Timothy J. Sostrin is a partner in the firm joining in 2011. He is a member in good standing of the Illinois bar, the U.S. District Court District of Colorado, U.S. District Court Northern District of Illinois, U.S. District Court Northern and Southern Districts of Indiana, U.S. District Court Eastern and Western Districts of Michigan, U.S. District Court Eastern District of

- 13 -

Missouri, U.S. District Court Southern District of Texas and U.S. District Court Eastern and Western Districts of Wisconsin.

32. Timothy J. Sostrin has zealously represented consumers in Illinois and in federal litigation nationwide against creditors, debt collectors, retailers, and other businesses engaging in unlawful practices. Tim has extensive experience with consumer claims brought under the Fair Debt Collection Practices Act, The Telephone Consumer Protection Act, the Fair Credit Reporting Act, the Electronic Fund Transfer Act, and Illinois law. Some of Tim's representative cases include: *Osada v. Experian Info. Solutions, Inc.*, 2012 U.S. Dist. LEXIS 42330 (N.D. Ill. Mar. 28, 2012) (granting class certification*); Galvan v. NCO Financial Systems, Inc.*, 2012 U.S. Dist. LEXIS 128592 (N.D. Ill. 2012) (granting class certification); *Saf-T-Gard International, Inc. v. Vanguard Energy Services, LLC*, (2012 U.S. Dist. LEXIS 174222 (N.D. Ill. December 6, 2012) (granting class certification); *Jelinek v. The Kroger Co.*, 2013 U.S. Dist. LEXIS 53389 (N.D. Ill. 2013) (denying defendant's motion to dismiss); *Hanson v. Experian Information Solutions, Inc.*, 2012 U.S. Dist. LEXIS 11450 (N.D. Ill. January 27, 2012) (denying defendant's motion for summary judgment); *Warnick v. DISH Network, LLC*, 2013 U.S. Dist. LEXIS 38549 (D. Colo. 2013) (denying defendant's motion to dismiss);*Torres v. Nat'l Enter. Sys.*, 2013 U.S. Dist. LEXIS 31238 (N.D. Ill. 2013) (denying defendant's motion to dismiss); *Griffith v. Consumer Portfolio Serv.*, 838 F. Supp. 2d 723 (N.D. Ill. 2011) (denying defendant's motion for summary judgment); *Frydman et al v. Portfolio Recovery Associates, LLC*, 2011 U.S. Dist. LEXIS 69502 (N.D. Ill 2011) (denying defendant's motion to dismiss); *Rosen Family Chiropractic S.C. v. Chi-Town Pizza*, 2013 U.S. Dist. LEXIS 6385 (N.D. Ill. 2013) (denying defendant's motion to dismiss); *Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874 (N.D. Ill. May 5, 2010) (granting summary judgment on TCPA claim);

- 14 -

33.     Tim is a member of the National Association of Consumer Advocates and ISBA. He received his Juris Doctorate, *cum laude*, from Tulane University Law School in 2006.

34.     In 2014, Michael Hilicki joined the firm. He has spent nearly all of his more-than 20-year legal career helping individuals subjected to unfair and deceptive business practices, and violations of their state and federal rights. He is experienced in a variety of areas including, but not limited to, the Fair Debt Collection Practices Act, Truth-in-Lending Act, Fair Credit Reporting Act, Real Estate Settlement Procedures Act, Illinois Consumer Fraud & Deceptive Business Practices Act, Telephone Consumer Protection Act, Fair Labor Standards Act, the Illinois Security Deposit Interest Act, Illinois Security Deposit Return Act, Chicago Residential Landlord Tenant Ordinance (RLTO), and the Illinois Wage & Hour Law. He is experienced in all aspects of litigation, including arbitrations, trials, and appeals.

35.     Examples of the numerous certified class actions in which Michael has represented consumers or workers include: *Lanteri v. Credit Protection Ass'n, L.P.*, 2018 U.S. Dist. LEXIS 166345 (S.D. Ind. Sept. 26, 2018); *Altman v. White House Black Market, Inc.*, 2016 WL 3946780 (N.D. Ga. July 13, 2016); *Stahl v. RMK Mgmt. Corp.*, 2015-CH-13459 (Cir. Ct. Cook Cty.); *Guarisma v. Microsoft Corp.*, 209 F.Supp.3d 1261 (S.D. Fla. 2016); *Flaum v. Doctors Associates,* 16-CV-61198-CMA (S.D. Fla.); *Legg v. Laboratory Corporation of America Holdings*, No. 14-cv-61543-RLR (S.D. Fla.); *Legg v. Spirit Airlines, Inc*., 315 F.R.D. 383 (S.D. Fla. 2015); *Muransky v. Godiva Chocolatier, Inc*., 15-cv-60716-WPD (S.D. Fla.) (on appeal); *Joseph et al. v. TrueBlue, Inc. et al.*, No. 3:14-cv-05963 (D. Wa.); *Tripp v. Berman & Rabin, P.A.,* 310 F.R.D. 499 (D. Kan. 2015); *Convergent Outsourcing, Inc. Telephone Consumer Protection Act Litig.,* Master Docket No. 3:13-cv-1866-AWT (D. Conn); *Eibert v. Jaburg & Wilk, P.C.*, 13-cv-301 (D. Minn.); *Brinkley v. Zwicker & Associates, P.C.*, 13 C 1555 (N.D. Ill.); *Kraskey v. Shapiro & Zielke, LLP*, 11-cv-

3307 (D. Minn.); *Short v. Anastasi & Associates, P.A.*, 11-cv-1612 SRN/JSM (D. Minn.); *Kimball v. Frederick J. Hanna & Associates, P.C.*, 10-cv-130 MJD/JJG (D. Minn.); *Murphy v. Capital One Bank*, 08 C 801 (N.D. Ill.); *In re American Family Mut. Ins. Co. Overtime Pay Litig.*, 06-cv-17430 WYD/CBS (D. Colo.); *Nettles v. Allstate Ins. Co.*, 02 CH 14426 (Cir. Ct. Cook Cty.); *Sanders v. OSI Educ. Servs., Inc.*, 01 C 2081 (N.D. Ill.); *Kort v. Diversified Collection Servs., Inc.*, 01 C 0689 (N.D. Ill.); *Hamid v. Blatt Hasenmiller, et al.*, 00 C 4511 (N.D. Ill.); *Durkin v. Equifax Check Servs., Inc.*, 00 C 4832 (N.D. Ill.); *Torres v. Diversified Collection Services, et al.*, 99-cv-00535 (RL-APR) (N.D. Ind.); *Morris v. Trauner Cohen & Thomas*, 98 C 3428 (N.D. Ill.), *Mitchell v. Schumann*, 97 C 240 (N.D. Ill.); *Pandolfi, et al. v. Viking Office Prods., Inc.*, 97 CH 8875 (Cir. Ct. Cook Cty.); *Trull v. Microsoft Corp.*, 97 CH 3140 (Cir. Ct. Cook Cty.); *Deatherage v. Steven T. Rosso, P.A.*, 97 C 0024 (N.D. Ill.); *Young v. Meyer & Njus, P.A.*, 96 C 4809 (N.D. Ill.); *Newman v. Boehm, Pearlstein & Bright, Ltd.*, 96 C 3233 (N.D. Ill.); *Holman v. Red River Collections, Inc.*, 96 C 2302 (N.D. Ill.); *Farrell v. Frederick J. Hanna*, 96 C 2268 (N.D. Ill.); *Blum v. Fisher and Fisher*, 96 C 2194 (N.D. Ill.); *Riter v. Moss & Bloomberg, Ltd.*, 96 C 2001 (N.D. Ill.); *Clayton v. Cr Sciences Inc.*, 96 C 1401 (N.D. Ill.); *Thomas v. MAC/TCS Inc., Ltd.*, 96 C 1519 (N.D. Ill.); *Young v. Bowman, et al.*, 96 C 1767 (N.D. Ill.); *Depcik v. Mid-Continent Agencies, Inc.*, 96 C 8627 (N.D. Ill.); and *Dumetz v. Alkade, Inc.*, 96 C 4002 (N.D. Ill.).

36.     Notable appeals Michael has argued include: *Muransky v. Godiva Chocolatier, Inc.*, 922 F.3d 1175 (11th Cir. 2019) (FACTA case); *Evans v. Portfolio Recovery Assocs.*, 889 F.3d 337 (7th Cir. 2018) (FDCPA case); *Franklin v. Parking Revenue Recovery Servs.*, 832 F.3d 741 (7th Cir. 2016) (FDCPA case); *Smith v. Greystone Alliance, LLC*, 772 F.3d 448 (7th Cir. 2014) (FDCPA case), *Shula v. Lawent*, 359 F.3d 489 (7th Cir. 2004) (FDCPA case); *Weizeorick v. ABN AMRO Mortgage Group, Inc.*, 337 F.3d 827 (7th Cir. 2001) (RESPA case).

123829

37. Michael has lectured on consumer law issues at Upper Iowa University, the Chicago Bar Association, and for the National Consumer Law Center (2019 Conference on the Fair Debt Collection Practices Act). He is a member of the Trial Bar of the United States District Court for the Northern District of Illinois, and he has represented consumers in state and federal courts around the country on a *pro hac vice* basis.

38. Michael's published work includes *"AND THE SURVEY SAYS..." When Is Evidence of Actual Consumer Confusion Required to Win a Case Under Section 1692g of the Fair Debt Collection Practices Act in the Seventh Circuit?*, 13 Loy. Consumer L. Rev. 224 (2001).

39. In March 2018, Theodore H. Kuyper joined the firm. Ted is currently a member in good standing of the Illinois State Bar, the United States District Court for the Northern District of Illinois, and the Seventh Circuit Court of Appeals, and has been admitted to practice *pro hac vice* in several additional United States District Courts.

40. Ted has diverse experience prosecuting and defending class action and other large-scale litigation in trial and appellate courts under a variety of substantive laws, including without limitation the Telephone Consumer Protection Act, the Racketeer Influenced & Corrupt Organizations Act (RICO), the Fair Credit Reporting Act, the Illinois Consumer Fraud & Deceptive Business Practices Act, and the Real Estate Settlement Procedures Act, as well as Illinois and other state statutory and common law.

41. Since joining the firm, Ted has represented consumers as counsel of record or otherwise in the following putative class actions: *Cranor v. Skyline Metrics, LLC*, No. 4:18-cv-00621-DGK (W.D. Mo.); *Cranor v. The Zack Group, Inc.*, No. 4:18-cv-00628-FJG (W.D. Mo.); *Cranor v. Classified Advertising Ventures, LLC, et al.*, No. 4:18-cv-00651-HFS (W.D. Mo.); *Morgan v. Orlando Health, Inc., et al.*, No. 6:17-cv-01972-CEM-GJK (M.D. Fla.); *Morgan v.*

- 17 -

*Adventist Health System/Sunbelt, Inc.*, No. 6:18-cv-01342-PGB-DCI (M.D. Fla.); *Burke v. Credit One Bank, N.A., et al.*, No. 8:18-cv-00728-EAK-TGW (M.D. Fla.); *Motiwala v. Mark D. Guidubaldi & Associates, LLC*, No. 1:17-cv-02445 (N.D. Ill.); *Buja v. Novation Capital, LLC*, No. 9:15-cv-81002-KAM (S.D. Fla.); and *Detter v. Keybank, N.A.*, No. 1616-CV10036 (Circuit Ct. of Jackson County, Missouri).

42.     Immediately prior to joining Keogh Law, Ted worked at a boutique Chicago law firm where he represented clients in a range of complex commercial and other litigation, including contract, tort, professional liability, premises and products liability, bad faith and class action. Previously, he was an associate at a nationally-renowned class action law firm, where he focused on complex commercial, consumer, class action and other large-scale, high-stakes litigation.

43.     Ted earned his Juris Doctorate from Washington University School of Law in St. Louis in 2007.  During law school, he worked as a Summer Extern for Magistrate Judge Morton Denlow (Ret.) of the United States District Court for the Northern District of Illinois, served as primary editor and executive board member of the Global Studies Law Review, and authored a student note that was published in 2007.  Ted also earned a number of scholarships and other academic accolades, including the Honors Scholar Award (top 10% for academic year) and repeated appearances on the Dean's List.

44.     Gregg Barbakoff joined the firm in October 2019.  Gregg is a civil litigator who focuses his practice on consumer law, with extensive experience litigating individual and class claims arising under the Telephone Consumer Protection Act, Fair Debt Collection Practices Act, Truth-in-Lending Act, Fair Credit Reporting Act, Real Estate Settlement Procedures Act, Illinois Consumer Fraud and Deceptive Practices Act, Magnuson-Moss Warranty Act, and various consumer protection statutes.

- 18 -

123829

45.     Gregg graduated magna cum laude from the Chicago-Kent College of law, where he was elected to the Order of the Coif.  While in law school, Gregg received the Class of 1976 Honors Scholarship, competed as a senior member of the Chicago-Kent Moot Court Team, and served as an editor for The Seventh Circuit Review, in which he was also published. Gregg earned his undergraduate degree from the University of Colorado at Boulder.

46.     Gregg has been named an Illinois Rising Star by Superlawyers Magazine each year since 2015, and was named an Associate Fellow by the Litigation Counsel of America.  He is licensed to practice in the State of Illinois, the United States District Court for the Northern District of Illinois, and the United States Court of Appeals for the Seventh Circuit

47.     Prior to joining Keogh Law, Gregg worked at a mid-size litigation firm that specialized in consumer litigation, and leading plaintiff's firm that focused on commercial disputes and consumer class actions.

48.     The following are representative class actions in which Gregg has served as counsel of record or otherwise: *Roberts v. TIAA, FSB* (Case No. 2019 CH 04089, Cook County, Ill.); *Corrigan v. Seterus* (Case No. 17-cv-02348); *Gentleman v. Mass. Higher Ed. Corp., et al* (Case No. 16-cv-3096, N.D. Ill.); *Cibula v. Seterus* (Case No. 2015CA010910, Palm Beach County, Fla.); *Ciolini v. Seterus* (Case No. 15-cv-09427, N.D. Ill.); *Mednick v. Precor Inc.* (Case No. 14-cv-03624, N.D. Ill.); *Illinois Nut & Candy Home of Fantasia Confections, LLC v. Grubhub, Inc., et al.* (Case No. 14-cv-00949, N.D. Ill.); *Dr. William P. Gress et al. v. Premier Healthcare Exchange West, Inc.* (Case No. 14-cv-501, N.D. Ill.); *Stephan Zouras LLP v. American Registry LLC* (Case No. 14-cv-943, N.D. Ill.); *Mullins v. Direct Digital* (Case No. 13-cv-01829, N.D. Ill.); *In Re Prescription Pads TCPA Litigation* (Case No. 13-cv-06897, N.D. Ill); *Townsend v. Sterling* (Case No. 13-cv-3903, N.D. Ill); *Windows Plus, Incorporated v. Door Control Services, Inc.* (Case

No. 13-cv-07072, N.D. Ill); *In re Energizer Sunscreen Litigation* (Case No. 13-cv-00131, N.D. Ill.); Padilla v. DISH Network LLC (Case No. 12-cv-07350, N.D. Ill.); *Lloyd v. Employment Crossing* (Case No. BC491068 (Los Angeles County, Cal.); *In re Southwest Airlines Voucher Litigation* (Case No. 11-cv-8176, N.D. Ill.).

Executed at Chicago, Illinois, on January 12, 2022.

Keith J. Keogh

- 20 -

123829