**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KAYLA QUARLES, individually and on behalf of all others similarly situated, | ) ) | |
| | ) | Case No. 20-cv-7179 |
| Plaintiffs, | ) | |
| v. | ) | Hon. Manish S. Shah |
| | ) | Presiding Judge |
| PRET A MANGER (USA) LIMITED, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER CERTIFYING SETTLEMENT CLASS, PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT, and APPROVING NOTICE PLAN**

This matter came before the Court on Plaintiff's Motion for Preliminary Approval of the proposed class action settlement (the "Settlement"). This case was brought by plaintiff Kayla Quarles ("Quarles" or "Plaintiff"), individually and on behalf of all others similarly situated, against defendant Defendant Pret a Manger (USA) Limited ("Pret"). Based on this Court's review of the Settlement Agreement ("Agreement"), Plaintiff's Motion for Preliminary Approval of Settlement, and the arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1.      Settlement Terms. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2.      Jurisdiction. The Court has subject matter jurisdiction over this case pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).

3.      Preliminary Approval of Proposed Agreement. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court finds that: (a) the Agreement is fair, reasonable and adequate, and within the range of possible approval; (b) the Agreement has been negotiated in good faith at arm's

- 1 -

length between experienced attorneys familiar with the legal and factual issues of this case, and

supervised by a well-qualified JAMS mediator, the Honorable Morton Denlow; and (c) the

proposed forms and method of distributing notice of the Settlement to the Settlement Class are

appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement.

        4.        <u>Class Certification for Settlement Purposes Only</u>. The Court, pursuant to Rule

23 of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, certifies the

following Settlement Class:

> All individuals employed by Defendant Pret a Manger (USA) Limited and any
> other related entities in the State of Illinois who logged onto, interfaced with, or
> used any software, systems, or devices that used the individual's finger, hand, or
> any biometric identifier of any type ("Biometric Systems") in Illinois, including
> any employee of the above entities who has a claim under the Illinois Biometric
> Information Privacy Act, 740 ILCS 14/1, et seq., from November 4, 2015 through
> the date of this Order.

> The following are excluded from the Settlement Class: (1) the district and
> magistrate judges presiding over this case; (2) the judges of the Seventh Circuit;
> (3) the immediate families of the preceding person(s); (4) any Released Party; and
> (5) any Settlement Class Member who timely opts out of this Action.

        5.        In connection with granting class certification, the Court makes the following

preliminary findings:

        (a)     The Settlement Class includes 797 members, and thus the class is so

numerous joinder of all members is impracticable;

        (b)     There appear to be questions of law or fact common to the Settlement

Class for purposes of determining whether the Settlement should be approved, including,

but not limited to, Pret captured, collected, and/or obtained the Settlement Class

Members' biometric information *via* Pret's timekeeping system, and these questions

appear to predominate over any alleged individual questions;

121431

(c)     Plaintiff's claims appear to be typical of the claims of the Settlement Class because she alleges Pret collected, captured, and/or obtained her biometric information without first obtaining informed written consent, and failed to implement and adhere to a publicly-available policy governing the retention and destruction of biometric data;

(d)     Plaintiff and her counsel are adequate to represent the class. Plaintiff appears to have the same interests as the Settlement Class, she does not have any apparent conflict of interest with the Settlement Class, and her attorneys have extensive experience litigating class action cases, including class actions under BIPA;

(e)     Certification of the Settlement Class is the superior method for fairly and efficiently resolving the claims of the Settlement Class.

6.      Class Representative. The Court appoints Kayla Quarles as representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7.      Class Counsel.  The Court appoints Keith J. Keogh and Gregg M. Barbakoff as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8.      Settlement Claims Administrator. American Legal Claim Services, LLC. is hereby appointed as the Claims Administrator. The Claims Administrator shall be responsible for providing notice of the Settlement ("Notice") to the Settlement Class as provided in the Agreement and this Order, as well as services related to administration of the Settlement.

9.      Class Notice. The Class Administrator shall provide Notice via First Class Mail in accordance with the Agreement.

10.     Opt-Outs and Objections.  Persons in the Settlement Class who wish to object to the Settlement or request exclusion from the Settlement Class, must do so in accordance with the Notice. A class member who opts out may not also submit an objection, unless the class

121431

member confirms their intent to withdraw their opt-out in writing by no later than the opt-out deadline.

11.    Claims Administrator to Maintain Records. The Claims Administrator shall maintain copies of all objections, and opt-outs received. The Claims Administrator shall provide copies of all objections and opt-outs to the parties.

12.    Objections to the Settlement.  Any Settlement Class Member who wishes to be heard orally at the Final Approval Hearing, or who wishes for any objection to be considered, must file a written notice of objection in accordance with the Notice, Agreement, and this Order. To be considered, the objection: (A) must be personally signed by the objecting class member, (B) it must include (i) the class member's full name, current address, and current telephone number; (ii) documentation sufficient to establish membership in the Settlement Class; (iii) a statement of reasons for the objection, including the factual and legal grounds for the objector's position; and (iv) copies of any other documents the objecting Settlement Class Member wishes to submit in support of his/her/its position, and (C) it must be filed with the Court and sent to Plaintiff's and Defendant's counsel as stated in the Notice, by no later than the Opt-Out and Objection deadline stated below. Objections that are untimely or do not include the required information above shall be deemed waived.

13.    Appearing at Final Approval Hearing. An objecting Settlement Class Member does not need to appear in at the Final Approval Hearing, but may do so by filing a notice of intention to appear in accordance with the Notice, Agreement, and this Order no later than the Opt-Out and Objection deadline below.

14.    Reasonable Procedures to Effectuate the Settlement. Unless otherwise ordered by the Court, the parties are authorized to use all reasonable procedures in connection with

121431

approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making minor changes to the form or content of the Notice or exhibits to the Agreement they agree are reasonable and necessary.

15.     Final Approval Hearing.  At the date and time provided below, or at such other date and time later the Court sets, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (a) final approval of the Settlement embodied by the Agreement should be granted, and (b) Class Counsel's application for an award of attorneys' fees and expenses, and any service award to Plaintiff, should be granted, and in what amounts. The hearing shall be held in Room 1919, 19th Floor, United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, or such other location as the Court may order. The Court may also order the hearing to take place remotely via Zoom or such other remote communication system as the Court may direct.

16.     For the purposes of giving the notice required by 28 U.S.C. §1715(b) ("CAFA"), the Settlement is deemed filed as of the date of this order.

17.     Plaintiff shall file her motion in support of Class Counsel's application for attorneys' fees and expenses, and any service award, no later than the Notice Deadline below.

18.     Plaintiff shall file her: (a) motion in support of final approval of the Settlement; (b) response to any objections to the Settlement, no later than the date stated for the same in the Schedule of Events below.

19.     Final Approval of this Settlement Agreement will settle and resolve with finality on behalf of the Plaintiff and the other Settlement Class Members, the Action and the Released Claims against the Released Parties by the Plaintiff and the other Settlement Class Members in the Action. As of the Settlement Effective Date, the Settlement Agreement and the above-

121431

- 6 -

described release of the Released Claims will be binding on, and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members who did not validly and timely exclude themselves from the Settlement, and their respective predecessors, successors, affiliates, spouses, heirs, executors, administrators, agents and assigns of each of the foregoing, as set forth in the Settlement Agreement, and the Released Parties may file the Settlement Agreement and/or Final Approval Order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20. <u>Schedule of Events</u>. Based on the foregoing, the Court hereby orders the resolution of this matter shall proceed on the following schedule:

| | |
|---|---|
| **January 27, 2022** | Deadline for the Claims Administrator to send notice to the Settlement Class in accordance with the Agreement and this Order (Notice Deadline) |
| **January 27, 2022** | Deadline for Plaintiff to file his Motion for Attorneys' Fees and Expenses, and any Incentive Award |
| **March 28, 2022** | Deadline for any member of the Settlement Class to request exclusion from the Settlement or object to the Settlement in accordance with the Notice and this Order (Opt-Out and Objection Deadline) |
| **April 18, 2022** | Deadline for Plaintiff to file:<br><br>(1) Motion and memorandum in support of final approval, including proof of class notice; and<br>(2) Response to any objections. |
| **May 4, 2022 at 12:30 p.m.** | Final Approval Hearing |

IT IS SO ORDERED.

Dated: January 18, 2022

_____
Hon. Manish S. Shah
United States District Judge